# EXHIBIT A

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** )<br><br>**COUNTY OF** CHARLESTON )<br><br>RYAN M. CATO<br>**Plaintiff(s)** )<br><br>vs. )<br><br>GLOCK, INC. ET. AL.<br>**Defendant(s)** ) | **IN THE COURT OF COMMON PLEAS**<br><br>**CIVIL ACTION COVERSHEET**<br><br>2019   -CP - 10 - 5379 |

**Submitted By:** R. Patrick Flynn
**Address:** 170 Meeting Street, Ste. 510
              Charleston, SC 29401

**SC Bar #:** 65599
**Telephone #:** 843-790-9570
**Fax #:**
**Other:**
**E-mail:** pflynn@popellynn.com

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing cases that are NOT E-Filed. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint. **This form is NOT required to be filed in E-Filed Cases.**

## DOCKETING INFORMATION  (Check all that apply)

*If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.    ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

### NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☒ Breach of Contract (140) | Previous Notice of Intent Case # | ☒ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20___ -NI-___ -___ | ☒ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| Warranty (160) | ☐ Other (299)___ | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499)___ |
| ☐ Employment (180) | | ☐ Other (399) ___ | |
| ☐ Other (199)___ | | | |
| **Inmate Petitions** | **Administrative Law/Relief** | **Judgments/Settlements** | **Appeals** |
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| ___ | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured | ☐ Worker's Comp (960) |
| | | Settlement Payment Rights | ☐ Zoning Board (970) |
| | | Application (760) | ☐ Public Service Comm. (990) |
| **Special/Complex /Other** | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | Compensation Settlement | ☐ Other (999) |
| | | Approval (780) | |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | ☐ Incapacitated Adult | |
| | | Settlement (790) | |
| ☐ Other (699) ___ | ☐ Motion to Quash Subpoena in an | ☐ Other (799) ___ | |
| | Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |
| ☐ Permanent Restraining Order (680) | | | |
| ☐ Interpleader (690) | | | |

**Submitting Party Signature:** _____    **Date:** 10/18/2019

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Requests for temporary relief;

   c. Appeals

   d. Post Conviction relief matters;

   e. Contempt of Court proceedings;

   f. Forfeiture proceedings brought by governmental entities;

   g. Mortgage foreclosures; and

   h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**  **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | CASE NO. 2019-CP-10-__5379__ |
| COUNTY OF CHARLESTON | ) | |
| | ) | |
| RYAN M. CATO, | ) | |
| | ) | **SUMMONS** |
| Plaintiff, | ) | |
| | ) | Negligence and Gross Negligence |
| v. | ) | Breach of Warranties |
| | ) | Breach of Contract |
| | ) | (Jury Trial Demanded) |
| GLOCK, INC., a Georgia Corporation; | ) | |
| GLOCK Ges.m.b.H., an Austrian | ) | |
| Corporation; Innovative Gunfighter | ) | |
| Solutions, Inc.; Primary Weapons, Inc.; | ) | |
| Allied Arms, Inc. | ) | |
| ... | ) | |

TO THE DEFENDANTS/CLAIMANTS ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy

of which is herewith served upon you, and to serve a copy of your answer to this Complaint upon

the subscriber, at his address at Pope Flynn, LLC, 170 Meeting Street, Suite 510, Charleston, SC

29401 within thirty (30) days after service hereof, exclusive of the day of such service, and if you

fail to answer the complaint, Judgment by Default will be rendered against you for the relief

demanded in the complaint.

This the 18 day of October 2019

Pope Flynn, LLC

R. Patrick Flynn (S.C. Bar No.: 65599)
Michael W. Allen (S.C. Bar No.: 101996)
170 Meeting Street, Suite 510
P.O. Box 70 (29402)
Charleston, SC 29401
843.790.9570
pflynn@popeflynn.com
mallen@popeflynn.com

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | CASE NO. 2019-CP-10- 5379 |
| COUNTY OF CHARLESTON | ) | |
| | | |
| RYAN M. CATO, | ) | |
| | ) | **COMPLAINT** |
| Plaintiff, | ) | |
| | ) | **Negligence and Gross Negligence** |
| v. | ) | **Breach of Warranties** |
| | ) | **Breach of Contract** |
| | ) | **(Jury Trial Demanded)** |
| GLOCK, INC., a Georgia Corporation; | ) | |
| GLOCK Ges.m.b.H., an Austrian | ) | |
| Corporation; Innovative Gunfighter | ) | |
| Solutions, Inc.; Primary Weapons, Inc.; | ) | |
| Allied Arms, Inc. | ) | |

Plaintiff, Ryan M. Cato hereby alleges and states as follows:

1.    The Plaintiff, Ryan M. Cato is a citizen and resident of Dorchester County, South
Carolina.

2.    Defendant Glock, Inc. is a domestic, for profit corporation, organized and existing under
the laws of the State of Georgia, with its principal place of business at 6000 Highlands
Parkway, Smyrna, Georgia, 30082; and registered agent for service of process in the
State of Arkansas as National Registered Agents, Inc., 2 Office Park Court Suite 103
Columbia, South Carolina 29223.

3.    Defendant, Glock Ges.m.b.H., is an Austrian corporation, which trades and does
business regularly within the United States of America and in the State of South
Carolina. This Defendant has a principal office for business at Hausfeldstrasse 17,
Deutch-Wagram, Austria A2232.

4.    Defendant Innovative Gunfighter Solutions, LLC is an LLC organized and existing in a state other than South Carolina which, at all times relevant hereto, conducted business in Charleston County, South Carolina.

5.    Defendant Precision Weapons, Inc. is a corporation organized and existing in a state other than South Carolina which, at all times relevant hereto, conducted business in Charleston County, South Carolina.

6.    Defendant Allied Arms, LLC is an LLC organized and existing in the County of Charleston, South Carolina.

7.    The Defendant, Glock Ges.m.b.H, having representatives in the United States of America, to-wit, Glock, Inc. as its designated and named business agent and distributor for Glock pistols, including the hereinafter described Glock pistol, in and throughout the United States of America, who has caused damage and injury to residents, the plaintiffs named herein, in the State of South Carolina by committing a tort in the State of South Carolina, and who may be served with process pursuant to the South Carolina long arm statute and via U.S. and international postal service; further, Glock Ges.m.b.H. is a foreign corporation with its principal place of business located in Austria, but having representatives and affiliates in the United States to-wit, Glock, Inc., and its duly authorized, designated and named agent and distributor for its products in and throughout the United States; and further, that the defendant, Glock, Inc., is the alter ego of Glock Ges.m.b.H and service upon Glock Ges.m.b.H. may also be made by delivering to and service upon Glock, Inc. at its corporate offices and address.

8.    The Plaintiff's causes of action and claims for relief arise from the defendants transacting business in the State of South Carolina; transacting to supply services or things in the

2

State of South Carolina; having caused tortuous injury in the State of South Carolina by an act or omission outside and inside the State of South Carolina; that the Defendants regularly did and solicited business and/or engaged in other persistent courses of conduct in the State of South Carolina; said Defendants derived substantial revenues from goods and/or services consumed and/or used in the State of South Carolina; and that the Defendants did place in the stream of commerce in the United States of America and in the State of South Carolina the Glock pistol, hereinafter described, which is the subject of this litigation. Said Glock pistol was purchased and used in the State of South Carolina.

9.    That the Defendants, and each of them, individually and/or in combination, did design, manufacture, construct, fabricate, assemble, attest, merchandise, advertise, promote, sell and distribute said Glock pistol; further, said Defendants did design, write, promote and/or approve the instructional manual and advertising and sales literature with reference to said Glock pistol.

10.   At the time of the occurrence, which is the subject of this complaint, the Plaintiff was a resident of the City of North Charleston, in Dorchester County, South Carolina, and the injury to the Plaintiff, upon which the claims and causes of action are alleged herein, occurred in Dorchester County, South Carolina. This court has jurisdiction over the matters contained in this lawsuit and Charleston County is the proper venue pursuant to the laws of the State of South Carolina.

11.   As described in the incident report attached as Exhibit "A", on October 20, 2017, Plaintiff was on off-duty law enforcement officer in his residence with his service pistol, a Glock 19 Gen 3, serial number BCV 1374 (the "Glock pistol").

3

12. Plaintiff owned the Glock pistol and, as an officer with the North Charleston, South Carolina Police Department, authorized to carry the Glock pistol at the time and in his residence, which is the location in which the incident occurred (Exhibit "B").

13. While using the restroom in his residence, Plaintiff removed the Glock pistol from its holster and placed it on a counter in that restroom. After washing his hands, Plaintiff wiped the counter with a hand towel. The hand towel accidentally caused the Glock pistol to fall from the counter to the floor in his restroom.

14. Upon hitting the floor, the Glock pistol discharged a single round which struck Plaintiff in the lower left leg, causing grievous bodily injury to the Plaintiff as hereinafter more specifically alleged.

15. Just prior to and at the time of the discharge of said Glock pistol, the plaintiff was using said Glock pistol in a reasonable and foreseeable manner, when the Glock pistol discharged in a manner, unexpected and/or unanticipated, and improperly.

16. Said Glock pistol discharged because of the design defects in said Glock pistol and negligence of defendants as hereinafter more specifically alleged. The said subject Glock pistol had not been modified or changed since the time of the purchase of said Glock pistol in November, 2016, from Defendant Allied Arms.

17. That the Defendants, and each of them, individually, jointly and/or in combination, were in the business of designing, manufacturing, assembling, and/or selling Glock pistols and more specifically the above described Glock pistol. That the said Glock pistol was supplied by the Defendants in a defective condition which rendered said Glock pistol unreasonably dangerous and further that the said defective conditions in said Glock pistol were a proximate cause of the injuries and damages to the Plaintiffs as hereinafter more

4

specifically alleged. That said Glock pistol was defective and unreasonably dangerous at the time of the gunshot injury on October 20, 2017, and at the time said Glock pistol left the possession of the Defendants, and each of them; and that said defects in said Glock pistol were a proximate cause of the injuries and damages to the Plaintiffs, as hereinafter more specifically alleged. Said Glock pistol was defective in one or more of the following particulars, to-wit:

- the Glock pistol did not have a manual safety and/or any safety so as to prevent an accidental discharge of said Glock pistol;

- the Glock pistol did not have adequate safety devices designed and built into said pistol;

- the Glock pistol would fire and discharge a round without an intentional trigger pull;

- the Glock pistol did not have an adequate and operational safety system;

- the Glock pistol did not have adequate warnings and an adequate warning statement on the frame or slide of said pistol;

- the Glock pistol had defective components which caused the injury as aforesaid;

18.    The Glock pistol failed to perform as safely as an ordinary consumer (and owner and user of the pistol at the time of the accident) would expect said pistol to perform when used in an intended or reasonably foreseeable manner.

19.    The use for which the Glock pistol in this case was being used, at the time of the accident, was in a reasonably foreseeable manner and said use involved a substantial danger that would not and was not readily recognized by the ordinary consumer and the owner and user of the Glock pistol at the time of the accident; and the Defendants failed to give adequate warnings of such danger.

20.    In the light of all relevant factors considered, the benefits of the design of said Glock

5

pistol did not outweigh the risk of the dangers inherent in such design, that is, the benefits of a pistol without a manual safety did not outweigh the risk of dangers inherent in such a design because of the fact that said Glock pistol will fire and discharge a round, in such a situation, with a slight bump, blow or jar to said Glock pistol, without an intentional trigger pull.

21.     The Glock pistol was defective and unreasonably dangerous from a design "human factors" point of view in that said Glock pistol could not be handled consistently without the user thereof having an accidental discharge while attempting to handle and use said Glock pistol. This fact, defective from a design human factors point of view, is proved and evident from the fact that more than one-third of all accidental discharges occur while said Glock pistol is being used, handled and/or in the possession of a police officer wherein said police officer has training and requirements for frequently maintaining the police officer's status with use of the Glock pistol.

22.     The defects in the Glock pistol, acting both singularly and/or in combination each with the other, were a proximate cause of the injuries and damages of the Plaintiff as hereinafter more specifically alleged.

23.     The Defendants, and each of them, individually and/or jointly, had a duty to give a reasonable and adequate warning of the dangers inherent and/or reasonably foreseeable in connection with the use and handling of the said Glock pistol. Notice was given to the Defendants in connection with the dangerous, inherent, and foreseeable dangers in connection with the use of the Glock pistol by the many notices and lawsuits filed against the Defendants of accidental discharges of the Glock pistol, not only by the ordinary civilian users but also by police officers who have special training in connection with the

6

use, handling and firing of the Glock pistol; and based upon said notice so given to the Defendants of said numerous accidents and unintentional discharge of the Glock pistol, Defendants should have warned of such accidental discharges as a result of the lack of any external manual safety devices and the defective trigger mechanism on said Glock pistol. The fact is, the Glock pistol, without any such safety devices, is the subject of United States Patent No. 5,655,326, issued August 7, 1997, and said patent outlines and states specifically several defects and deficiencies in the Glock pistol and states methods and procedures to correct those defects. A violation of the duty to issue such warnings, and actually recall and modify the defective and unreasonably dangerous Glock pistol, was negligence on the part of the Defendants, and each of them. The dangerous and defective condition in said Glock pistol was not reasonably obvious to a user of the Glock pistol and particularly to the Plaintiffs herein, and said defective and unreasonably dangerous condition in said Glock pistol was not an obvious danger that should have been discovered by the Plaintiffs.

### FOR A SECOND CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
### (Negligence and Gross Negligence)

24.   The preceding paragraphs are realleged and reiterated as if set forth herein verbatim.

25.   That the Defendants, and each of them, were guilty of carelessness and negligence in the following particulars in connection with the design, manufacture, construction, fabrication, assembly, testing, merchandising, advertising, promoting, selling, distributing and designing, writing and promoting the instruction material and sales literature in connection with said Glock pistol, to-wit:

- in designing, manufacturing and selling the subject Glock pistol without an adequate safety system;

7

- in designing, manufacturing and selling a defective pistol;

- in designing, manufacturing and selling a defective pistol which would fire and discharge a round without an intentional trigger pull;

- in not performing adequate tests in order to determine under what circumstances the said Glock pistol would fire and discharge a round without an intentional trigger pull;

- in failing to provide adequate warnings to Plaintiff with reference to the proper and safe use of the subject Glock pistol;

- in failing to recall and/or retrofit the said subject Glock pistol;

- in failing to effectively recall the said subject Glock pistol after having received notice of the hazards in connection with the use of said subject Glock pistol;

- in failing to recommend and provide for training for purchasers and users of a Glock pistol; and

- in designing and selling the said subject Glock pistol which contained a defective and unreasonably dangerous trigger mechanism.

26.    That said acts of negligence, acting both singularly and concurrently, were a proximate cause of the injuries and damages to the Plaintiffs as more specifically alleged herein.

27.    As a direct and proximate result of their negligence and gross negligence, the Defendants, and each of them, are jointly and severally liable to Plaintiff for actual, incidental, consequential, special, and punitive damages in an amount to be determined by the trier of fact, plus costs, interest, and attorney fees associated with lawsuit.

## FOR A SECOND CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
### (Breach of Warranties)

28.    The preceding paragraphs are realleged and reiterated as if set forth herein verbatim.

29.    That the Defendants, and each of them, did breach an Implied Warranty Of Fitness For A

8

Particular Purpose; that Plaintiff is a person whom Defendants would and should have reasonably expected to use the said Glock pistol which is the subject of this litigation; that at the time of manufacture and sale of said Glock pistol by the Defendants, the Defendants had reason to know the particular purposes for which said Glock pistol would be used and the Defendants knew that the Plaintiffs would be relying upon the skill and judgment of the Defendants, and each of them, to select and use suitable materials in the design, inspection, manufacture, sale and distribution of said Glock pistol; that Defendants, and each of them, failed to use proper skill and judgment in the design, manufacture, assembly, sale and distribution of said Glock pistol which caused said Glock pistol to be Unfit For A Particular Purpose, that is, the purpose for which said Glock pistol was being used at the time of the accident as alleged herein; and that the breach of said Implied Warranty Of Fitness For A Particular Purpose was a proximate cause of the injuries and damages to the Plaintiff as hereinafter more specifically alleged.

30. That the Defendants, and each of them, did manufacture, sell and distribute the afore-described Glock pistol, and at the time of the accident in this case said Glock pistol was in an Unmerchantable Condition and that the Plaintiff is a person who might reasonably be expected to use said Glock pistol and be affected by said unmerchantable condition; and the breach of said unmerchantable condition was a proximate cause of the injuries and damages to Plaintiffs as more specifically alleged herein.

31. That the Defendants, and each of them, were engaged in the business of selling products, that is, Glock pistols, and more specifically the Glock pistol that is the subject of this litigation; and that the Defendants, and each of them, did by advertising, labels, statements and/or otherwise make to the public and to Plaintiffs in this case Express Warranties

9

concerning the character and/or quality of said Glock pistol which was manufactured, advertised and sold by the Defendants, and each of them; that said Glock pistol did not conform to the Express Warranties of character and/or quality as created and represented by the Defendants, and each of them, and that the failure of the Glock pistol, which is the subject of this litigation, to conform to the Express Warranties concerning character and/or quality of said Glock pistol were a proximate cause of the injuries and damages to the Plaintiffs as hereinafter more specifically alleged.

32.     The Defendants, and each of them, as a manufacturer with reference to Glock pistols and specifically the Glock pistol as described herein, had a duty to give a reasonable and adequate warning of dangers inherent and/or reasonably foreseeable in the use of said Glock pistol, and the said Defendants, and each of them, failed said duty and failed to give adequate warnings; and the failure to give said adequate warnings was a proximate cause of the injuries and damages to the Plaintiffs as hereinafter more specifically alleged.

33.     The Defendants, and each of them, as a manufacturer with reference to Glock Glock pistols and specifically the Glock pistol as described herein, had a duty to give reasonable and adequate instructions with respect to the conditions and methods for the safe use of said Glock pistol when said Glock pistol was used in a reasonably foreseeable manner, and the Defendants failed to give said reasonable and adequate instructions which was a proximate cause of the injuries and damages to the Plaintiffs as hereinafter more specifically alleged.

34.     That the circumstances of the accident in this case as described herein are such that the accidental discharge of the said subject Glock pistol would not have occurred in the absence of a defect; therefore, based upon circumstantial evidence as to how the accident

10

occurred, the said subject Glock pistol was defective, which was a proximate cause of the injuries and damages to the Plaintiffs as hereinafter more specifically alleged.

35.    As a proximate result of the negligence of the Defendants, breach of implied and express warranties, defective Glock pistol, and all other legal theories as against the Defendants, all as alleged herein, Plaintiff alleges damages as is provided by South Carolina law for injuries, lost wages, future earnings, and future opportunities precluded by the injuries suffered as described herein.

36.    As a direct and proximate result of the breach of warranties, the Defendants, and each of them, are jointly and severally liable to Plaintiff for actual, incidental, consequential, special, and punitive damages in an amount to be determined by the trier of fact, plus costs, interest, and attorney fees associated with lawsuit.

### FOR A THIRD CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
### (Breach of Contract)

37.    The preceding paragraphs are realleged and reiterated as if set forth herein verbatim.

38.    Plaintiff entered into an agreement with the Defendants whereby Plaintiff would purchase the Glock pistol and take delivery of the Glock pistol in a safe and operational condition.

39.    The Defendants, and each of them, failed to provide said Glock pistol in a safe and operational condition as set forth herein above.

40.    The failure to deliver said Glock pistol in a safe and operational condition as aforesaid constitutes a breach of contract.

41.    As a direct and proximate result of the breach of contract, the Defendants, and each of them, are jointly and severally liable to Plaintiff for actual, incidental, consequential, special, and punitive damages in an amount to be determined by the trier of fact, plus costs, interest, and attorney fees associated with lawsuit.

11

## DAMAGES

42.     That as a proximate result of the negligence of the Defendants, breach of implied

warranties and breach of express warranties, defective Glock pistol, and other theories

as alleged herein, the Plaintiff received injuries and damages including, but not limited

to, the following:

- medical expenses, past and future;

- pain and suffering, past and future;

- loss of income in the past and loss of income in the future:

- decreased earning capacity;

- loss of ability to properly walk, play sports, and enjoy life;

- scars, disfigurement and permanent partial disability as a result of said injuries; and

- all to Plaintiffs damages in a reasonable and just amount to be determined by the trier of

fact.

WHEREFORE, the Plaintiff prays that he recover judgment for and against the Defendants, and

each of them, jointly and severally, for compensatory, actual, incidental, consequential, special,

and punitive damages in a reasonable and just amount to be determined by the trier of fact,

exclusive of interest and costs, to Plaintiff; and for all other relief deemed just and proper.

Respectfully submitted,

POPE FLYNN, LLC

P.O. Box 70
Charleston, SC 29402
Phone: 843-834-3426
Fax: 803-354-4899
Email: pflynn@popeflynn.com

ATTORNEY FOR THE PLAINTIFF

Charleston, South Carolina

October 18, 2019

**INCIDENT REPORT**
**SC0180000**

**DORCHESTER COUNTY SO**
212 DEMING WAY * SUMMERVILLE, SC 29483 *

**CASE NUMBER**
1 7 0 1 1 4 6 3

**NCIC**
INQ    ENTD

| INCIDENT TYPE | | COMPLETED | FORCED ENTRY | PREMISE TYPE | UNITS ENTERED | TYPE VICTIM |
|---|---|---|---|---|---|---|
| 1 **INFORMATION ONLY** | | ☑YES ☐NO ☐YES ☐NO | | Apartments / | ☑ | Individual |
| 2 | | ☐YES ☐NO ☐YES ☐NO | | | | Business |
| 3 | | ☐YES ☐NO ☐YES ☐NO | | | | Financial Inst. |
| | | | | | | Government |
| 4 | | ☐YES ☐NO ☐YES ☐NO | | | | Relig. Orgn |
| | | | | | | Soc./Public |
| 5 | | ☐YES ☐NO ☐YES ☐NO | | | | Other |
| | | | | | | Unknown |
| | | | | | | Public Officer |

**EVENT**

**INCIDENT LOCATION (SUBDIVISION, APARTMENT AND NUMBER, STREET NAME AND NUMBER)**
219 SHAGBARK TRAIL NORTH CHARLESTON

**ZIP CODE** 29418

**WEAPON TYPE**

| INCIDENT DATE | 24 HR. CLOCK | TO | DATE | 24 HR. CLOCK | DISPATCH DATE / TIME 24 HR. CLOCK | | | | LOCATION NUMBER |
|---|---|---|---|---|---|---|---|---|---|
| 10/20/2017 | 16:10 | | 10/20/2017 | 18:00 | DISP. DATE | DISP. TIME | TIME ARRIVED | DEPART TIME | ZONE 5 |
| | | | | | 10/20/2017 | 16:14 | 16:21 | 18:20 | |

| COMPLAINANT'S NAME (LAST,FIRST,MIDDLE) | RELATIONSHIP TO SUBJECT | | | RESIDENT | RACE | SEX | AGE | ETH. | DAYTIME PHONE | EVENING PHONE |
|---|---|---|---|---|---|---|---|---|---|---|
| CATO, RYAN | 1. | 2. | 3. | J | W | M | 40 | N | | |

| ADDRESS | CITY | STATE | ZIP CODE | LOCATION NUMBER |
|---|---|---|---|---|
| 219 SHAGBARK TRL | N. CHARLESTON | SC | 29418 | ZONE 5 |

| VICTIM'S NAME (LAST,FIRST,MIDDLE) | RELATIONSHIP TO SUBJECT | | | RESIDENT | RACE | SEX | AGE | ETH. | DAYTIME PHONE | EVENING PHONE |
|---|---|---|---|---|---|---|---|---|---|---|
| CATO, RYAN | 1. | 2. | 3. | J | W | M | 40 | N | | |

| HEIGHT | WEIGHT | HAIR | EYES | FACIAL HAIR, SCARS, TATOOS, GLASSES, CLOTHING, PHYSICAL PECULIARITIES, ETC |
|---|---|---|---|---|
| 603 | 285 | Unkno | Unkno | |

**VICTIM NO. 1**

| ADDRESS | CITY | STATE | ZIP CODE | LOCATION NUMBER |
|---|---|---|---|---|
| 219 SHAGBARK TRL | N. CHARLESTON | SC | 29418 | ZONE 5 |

VISIBLE INJURY (VICY. 1)   ☐YES   ☐NO   EXPLAIN        COMPLAINT OF ANY NON-VISIBLE INJURIES ☐YES ☐NO

VICTIM (NO. 1) USING: ALCOHOL ☐YES ☐NO ☑UNK    DRUGS ☐YES ☐NO ☑UNK    TYPE:

TWO-MAN VEH. ☐    ONE-MAN VEH. ☐    DETECTIVE/SPL ☐    OTHER:    ALONE ☐    ASSISTED ☐

| | NAME (LAST,FIRST,MIDDLE) | RACE | SEX | AGE | ETH. | DATE OF BIRTH | HEIGHT | WEIGHT | HAIR | EYES |
|---|---|---|---|---|---|---|---|---|---|---|
| ☐ SUSPECT | CATO, RYAN | W | M | 40 | N | 10/01/1977 | 603 | 285 | Unkno | Unkno |
| ☐ RUNAWAY | | | | | | | | | | |

FACIAL HAIR, SCARS, TATOOS, GLASSES, CLOTHING, PHYSICAL PECULIARITIES, ETC

☐ WANTED

**SUBJECT NO. 1**

| ☐ WARRANT | ADDRESS | CITY | STATE | ZIP CODE | LOCATION NUMBER |
|---|---|---|---|---|---|
| ☐ ARREST | 219 SHAGBARK TRL | N. CHARLESTON | SC | 29418 | ZONE 5 |

| ☐ JAIL | SUBJECT (NO. 1) USING: ALCOHOL ☐YES ☐NO ☑UNK | ARRESTED NEAR OFFENSE SCENE ☐YES ☑NO | DATE/TIME/ OFF | DATE/TIME ARR |
|---|---|---|---|---|
| ☐ SUMMONS | DRUG ☐YES ☐NO ☑UNK  TYPE: | TOTAL # ARRESTED 0 | 10/20/2017 16:10 | |

**NARRATIVE**

Start of Narrative, 10/21/2017 07:21, HINSON, AUSTIN
AT THE ABOVE DATE AND TIME, I, DEPUTY A. HINSON, RESPONDED TO 119 SHAGBARK TRL IN REFERENCE TO A SHOOTING. UPON ARRIVAL FIRE AND EMS WERE ON SCENE. I WAS ADVISED THAT SGT. RYAN CATO WITH THE NORTH CHARLESTON POLICE DEPT. ACCIDENTALLY SHOT HIMSELF WITH A 9MM HANDGUN IN THE LOWER LEG WHILE OFF DUTY IN HIS HOME. SGT. RYAN CATO THEN APPLIED A TOURNIQUET TO HIS LEG AND PROCEEDED TO CALL 911. SGT. CATO WAS STABLE AND WAS TRANSPORTED TO TRIDENT MEDICAL CENTER. I THEN CLOSED OFF THE AREA FOR CRIME SCENE AND COMPLETED A CRIME SCENE LOG. LT. CAUDLE ALSO RESPONDED TO THE SCENE. CRIMINAL INVESTIGATIONS AND CRIME SCENE INVESTIGATIONS THEN ARRIVED ON SCENE AND TOOK OVER THE SCENE. I HAVE NOTHING FURTHER AT THIS TIME

JURISDICTION OF THEFT LAW ENFORCEMENT AGENCY

JURISDICTION OF RECOVERY LAW ENFORCEMENT AGENCY

**PROPERTY EST.**

| TYPE (GROUP) | | | | | | TOTAL VALUE |
|---|---|---|---|---|---|---|
| STOLEN | | | | | | |
| DAMAGED | | | | | | |
| BURNED | | | | | | |
| RECOVERED | | | | | | |
| SEIZED | | | | | | |

| SUBJECT IDENTIFIED | SUBJECT LOCATED | ☐ ACTIVE | ☑ ADM. CLOSED | ☐ ARRESTED UNDER 18 | ☐ EX-CLEAR UNDER 18 |
|---|---|---|---|---|---|
| ☐YES ☑NO | ☐YES ☑NO | ☐ UNFOUNDED | | ☐ ARRESTED 18 AND OVER | ☐ EX-CLEAR 18 AND OVER |

REASON FOR EXCEPTIONAL CLEARANCE:  ☐ OFFENDER DEATH 2 ☐ NO PROSECUTION 3 ☐ EXTRADITION DENIED 4 ☐ VICTIM DECLINES COOPERATION 5 ☐ JUVENILE - NO CUSTODY

**ADMIN**

| REPORTING OFFICER(S) | DATE | UNIT NUMBER | APPROVING OFFICER | DATE | UNIT NUMBER |
|---|---|---|---|---|---|
| AUSTIN HINSON | 10/20/2017 00:00 157 | | CAUDLE, Michael | 10/21/2017 00:00 | 105 |

| FOLLOW - UP INVESTIGATION ☐YES ☑NO | OFFICER |
|---|---|

**SUPPLEMENTAL INCIDENT REPORT**

SC0180000

| CASE NUMBER | NCIC |
|---|---|
| 1 7 0 1 1 4 6 3 | INQ ENTD |

| | | | | | |
|---|---|---|---|---|---|
| ☐ ORIGINAL REPORT | ☐ SUPPLEMENTAL REPORT | ☐ ADDITIONAL VICTIMS | ☐ ADDITIONAL STOLEN PROPERTY | PAGE 2 OF 2 PAGES. | |
| ☐ MODIFIES ORIGINAL | ☐ CASE STATUS CHANGE | ☐ ADDITIONAL OFFENDERS | ☐ ADDITIONAL RECOVERED PROPERTY | | |

**NARRATIVE**

Start of Narrative, 10/25/2017 08:57, Plowman, Sean
THIS CASE WILL BE ADMINISTRATIVELY CLOSED AT THIS TIME. THE SHOOTING WILL BE RULED ACCIDENTAL AND NO FURTHER INVESTIGATION WILL BE CONDUCTED.

**ADMIN**

| SUBJECT IDENTIFIED | SUBJECT LOCATED | ☐ ACTIVE | ☑ ADM. CLOSED | ☐ ARRESTED UNDER 18 | ☐ EX-CLEAR UNDER 18 |
|---|---|---|---|---|---|
| ☐ YES  ☑ NO | ☐ YES  ☑ NO | ☐ UNFOUNDED | | ☐ ARRESTED 18 AND OVER | ☐ EX-CLEAR 18 AND OVER |

| REASON FOR EXCEPTIONAL CLEARANCE: 1 | OFFENDER DEATH 2 | NO PROSECUTION 3 | EXTRADITION DENIED 4 | VICTIM DECLINES COOPERATION 5 | JUVENILE - NO CUSTODY |
|---|---|---|---|---|---|

| REPORTING OFFICER(S) | DATE | UNIT NUMBER | APPROVING OFFICER | DATE | UNIT NUMBER |
|---|---|---|---|---|---|
| AUSTIN HINSON | 10/20/2017 00:00 | 157 | CAUDLE, Michael | 10/21/2017 | 105 |

| | | |
|---|---|---|
| | FOLLOW - UP INVESTIGATION  ☐ YES  ☑ NO | OFFICER |

## NORTH CHARLESTON POLICE DEPARTMENT

### ADMINISTRATIVE ACTION FORM

| TO: The Chief of Police via the Chain of Command | DATE: | 05/09/2017 | TIME: | 0900 hrs |
|---|---|---|---|---|

**SUBJECT**  Permission to carry off duty weapon.

**DESCRIPTION:** I respectfully request permission to carry my Glock 19 (serial number BCV1374) off duty. I have met the qualification requirements and have attached a copy of the qualification form.

Sincerely,

Sgt. Ryan Cato 60
Training Unit

| DATE: | TIME: | STATUS: |
|---|---|---|
| 5/9/17 | 1100 | Forward @ ☑ |
| 5/10/17 | 1430HG | Cpt AD  #15 |
| 5/11/17 | 1550HE | Forward @ Chief |

NCPD-013



# CITY OF NORTH CHARLESTON
## POLICE DEPARTMENT
### FIREARMS QUALIFICATION
#### OFF DUTY CARRY



| PRINT NAME | | BADGE # | DATE |
|---|---|---|---|
| Ryan Cato | | 60 | 5/9/2017 |

| MAKE | MODEL | SERIAL NUMBER |
|---|---|---|
| Glock | 19 | BCV1374 |

**40 Round Course – Minimum Score of 80 % required. (160)**

| YARDS | ROUNDS | TIME (SEC) | Unless noted, shooting positions will be from the Weaver or Natural Point. |
|---|---|---|---|
| 3 | 5 | 5 | Weapon must be drawn from the holster. |
| 3 | 5 | 5 | Weapon must be drawn from the holster. |
| 5 | 5 | 5 | Weapon must be drawn from the holster. |
| 5 | 5 | 5 | Weapon must be drawn from the holster |
| 7 | 5 | 6 | Weapon must be drawn from the holster. |
| 7 | 5 | 6 | Weapon must be drawn from the holster. |
| 10 | 5 | 6 | Weapon must be drawn from the holster. |
| 10 | 5 | 6 | Weapon must be drawn from the holster. |

| Pass | ✓ | | | Fail | |
|---|---|---|---|---|---|

| Required Remedial Training: | Yes | | No | ✓ | |
|---|---|---|---|---|---|
| Inspected for Safety Compliance: | Yes | ✓ | No | | |

| Amanda Lloyd | | | 5/9/2017 |
|---|---|---|---|
| Instructor    (Print) | | Instructor's Signature | Date |

  

# CITY OF NORTH CHARLESTON
## POLICE DEPARTMENT
## FIREARMS QUALIFICATION

| PRINT NAME | | BADGE # | DATE |
|---|---|---|---|
| Lyon  Cato | | 6● | 6.5.17 |

| MAKE | MODEL | SERIAL # |
|---|---|---|
| GLOCK | 21 30S | Lc2- 61K |

### 40 Round Course – Minimum Score of 80 % required. (160)

| YARDS | ROUNDS | TIME (SEC) | Unless noted, shooting positions will be from the Weaver or Natural Point. |
|---|---|---|---|
| 3 | 5 | 6 | From the holster, fire 5 rounds, scan threat area, and return to the holster. |
| 5 | 5 | 7 | From the holster, fire 5 rounds, scan threat area, and return to the holster. |
| 5 | 7 | 15 | From the holster, fire 4 rounds, combat magazine exchange, fire 3 rounds and scan threat area. |
| 7 | 8 | 12 | From the holster, fire 4 rounds strong hand, transition, fire 4 rounds reaction hand, transition to strong hand, and return to the holster. |
| 10 | 8 | 20 | From the holster, fire 2 rounds standing, combat magazine exchange, fire 3 rounds strong side kneeling, fire 3 rounds weakside kneeling and scan threat area. |
| 15 | 7 | Timed | From the ready position, fire 2 rounds two seconds, fire 2 rounds two seconds, fire 3 rounds three seconds, and scan the threat area. |
| Pass | ✓ | | Fail |

| Required remedial training: | Yes | | No | X |
|---|---|---|---|---|
| Inspected for Safety Compliance | Yes | ✓ | No | |
| Use of Force Policy Reviewed | Yes | X | No | |

| L. Cummins | | | 10-5-17 |
|---|---|---|---|
| Instructor (Print) | Instructor's Signature | | Date |
| Cato | Officer's Signature | | 10-5-17 |
| Officer (Print) | | | Date |

**\*PLEASE NOTATE REMEDIAL ACTIONS, FAILURE REASON, AND NOTES ON REVERSE SIDE\***

ELECTRONICALLY FILED - 2020 Mar 16 5:18 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

STATE OF SOUTH CAROLINA )

COUNTY OF CHARLESTON )

) IN THE COURT OF COMMON PLEAS

Ryan M. Cato, )

Plaintiff, )

vs. )

GLOCK, INC., a Georgia )
Corporation; GLOCK Ges.m.b.H., )
an Austrian Corporation; )
Innovative Gunfighter Solutions, )
Inc.; Primary Weapons, Inc.; )
Allied Arms, Inc., )

Defendants. )

Civil Action No. 2019-CP-10-5379

## DEFENDANT GLOCK, INC.'S ANSWER AND AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL TO PLAINTIFF'S COMPLAINT

Defendant, GLOCK, INC. by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint and states:

### General Allegations

1.    Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "1" of the Complaint, so same are denied, and refers all questions of law to the Honorable Court.

2.    Admits that Glock, Inc. is a corporation duly organized under the laws of the State of Georgia with its principal place of business at 6000 Highlands Parkway SE, Smyrna, Georgia, 30082 and refers all questions of law to this Honorable Court.

1

ELECTRONICALLY FILED - 2020 Mar 16 5:18 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

3.      The paragraph designated "3" of the Complaint does not refer to Glock, Inc., so no response is required. To the extent that a response is required, Glock, Inc. denies the same, and refers all questions of law to this Honorable Court.

4.      The paragraph designated "4" of the Complaint does not refer to Glock, Inc., so no response is required. To the extent that a response is required, Glock, Inc. denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "4" of the Complaint, so same are denied, and refers all questions of law to this Honorable Court.

5.      The paragraph designated "5" of the Complaint does not refer to Glock, Inc., so no response is required. To the extent that a response is required, Glock, Inc. denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "5" of the Complaint, so same are denied, and refers all questions of law to this Honorable Court.

6.      The paragraph designated "6" of the Complaint does not refer to Glock, Inc., so no response is required. To the extent that a response is required, Glock, Inc. denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "6" of the Complaint, so same are denied, and refers all questions of law to this Honorable Court.

7.      Denies each and every allegation contained in the paragraph designated "7" of the Complaint, except admits that Glock, Inc. distributes semi-automatic pistols in the United States, and refers all questions of law to this Honorable Court.

8.      Denies each and every allegation contained in the paragraph designated "8" of the Complaint and refers all questions of law to this Honorable Court.

ELECTRONICALLY FILED - 2020 Mar 16 5:18 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

9.     Denies each and every allegation contained in the paragraph designated "9" of the Complaint, except admits that Glock, Inc., distributes, assembles, advertises, and sells semi-automatic pistols and refers all questions of law to this Honorable Court.

10.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "10" of the Complaint, so same are denied, and refers all questions of law to the Honorable Court.

11.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "11" of the Complaint, so same are denied.  Further responding, Glock, Inc., would crave reference to the entire Exhibit A as if set forth herein verbatim.

12.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "12" of the Complaint, so same are denied.  Further responding, Glock, Inc., would crave reference to the entire Exhibit B as if set forth herein verbatim.

13.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "13" of the Complaint, so same are denied.

14.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "14" of the Complaint, so same are denied.

15.     Denies each and every allegation contained in the paragraph designated "15" of the Complaint and refers all questions of law to the Honorable Court.

ELECTRONICALLY FILED - 2020 Mar 16 5:18 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

16.    Denies each and every allegation contained in the paragraph designated "16" of the Complaint and refers all questions of law to the Honorable Court.

17.    Denies each and every allegation contained in the paragraph designated "17" of the Complaint, except admits that Glock, Inc., assembles, and sells pistols, and refers all questions of law to the Honorable Court.

18.    Denies each and every allegation contained in the paragraph designated "18" of the Complaint and refers all questions of law to the Honorable Court.

19.    Denies each and every allegation contained in the paragraph designated "19" of the Complaint and refers all questions of law to the Honorable Court.

20.    Denies each and every allegation contained in the paragraph designated "20" of the Complaint and refers all questions of law to the Honorable Court.

21.    Denies each and every allegation contained in the paragraph designated "21" of the Complaint and refers all questions of law to the Honorable Court.

22.    Denies each and every allegation contained in the paragraph designated "22" of the Complaint and refers all questions of law to the Honorable Court.

23.    Denies each and every allegation contained in the paragraph designated "23" of the Complaint and refers all questions of law to the Honorable Court.

## FOR A SECOND CAUSE OF ACTION
### (Negligence and Gross Negligence)

24.    Glock, Inc. adopts each and every defense, answer, and averment set forth herein above as if the same were set out at length herein as their answer to the allegations contained in the paragraph designated "24" of the Complaint.

25.    Denies each and every allegation contained in the paragraph designated "25" of the Complaint and refers all questions of law to the Honorable Court.

ELECTRONICALLY FILED - 2020 Mar 16 5:18 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

26.     Denies each and every allegation contained in the paragraph designated "26" of the Complaint and refers all questions of law to the Honorable Court.

27.     Denies each and every allegation contained in the paragraph designated "27" of the Complaint and refers all questions of law to the Honorable Court.

### FOR A THIRD CAUSE OF ACTION
### (Breach of Warranties)

28.     Glock, Inc. adopts each and every defense, answer, and averment set forth herein above as if the same were set out at length herein as their answer to the allegations contained in the paragraph designated "28" of the Complaint.

29.     Denies each and every allegation contained in the paragraph designated "29" of the Complaint and refers all questions of law to the Honorable Court.

30.     Denies each and every allegation contained in the paragraph designated "30" of the Complaint, except admits that Glock, Inc., sells and distributes semi-automatic pistols, and refers all questions of law to the Honorable Court.

31.     Denies each and every allegation contained in the paragraph designated "31" of the Complaint, except admits that Glock, Inc., advertises and sells semi-automatic pistols, and refers all questions of law to the Honorable Court.

32.     Denies each and every allegation contained in the paragraph designated "32" of the Complaint and refers all questions of law to the Honorable Court.

33.     Denies each and every allegation contained in the paragraph designated "33" of the Complaint and refers all questions of law to the Honorable Court.

34.     Denies each and every allegation contained in the paragraph designated "34" of the Complaint and refers all questions of law to the Honorable Court.

ELECTRONICALLY FILED - 2020 Mar 16 5:18 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

35.    Denies each and every allegation contained in the paragraph designated "35" of the Complaint and refers all questions of law to the Honorable Court.

36.    Denies each and every allegation contained in the paragraph designated "36" of the Complaint and refers all questions of law to the Honorable Court.

## FOR A FOURTH CAUSE OF ACTION
### (Breach of Contract)

37.    Glock, Inc. adopts each and every defense, answer, and averment set forth herein above as if the same were set out at length herein as their answer to the allegations contained in the paragraph designated "37" of the Complaint.

38.    Denies each and every allegation contained in the paragraph designated "38" of the Complaint and refers all questions of law to the Honorable Court.

39.    Denies each and every allegation contained in the paragraph designated "39" of the Complaint and refers all questions of law to the Honorable Court.

40.    Denies each and every allegation contained in the paragraph designated "40" of the Complaint and refers all questions of law to the Honorable Court.

41.    Denies each and every allegation contained in the paragraph designated "41" of the Complaint and refers all questions of law to the Honorable Court.

## DAMAGES

42.    Denies each and every allegation contained in the paragraph designated "42" of the Complaint and refers all questions of law to the Honorable Court.

Glock, Inc. denies the relief sought in the WHEREFORE demand of the Plaintiff's Complaint and demands judgment dismissing the Plaintiff's Complaint herein in its entirety, together with costs and disbursements.

ELECTRONICALLY FILED - 2020 Mar 16 5:18 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

## GENERAL DENIAL

Glock, Inc. denies each and every allegation in the Complaint not specifically admitted

herein.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

The court lacks jurisdiction over the subject matter.

### AS AND FOR A SECOND SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

The court lacks personal jurisdiction over Glock, Inc.

### AS AND FOR A THIRD SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

The court lacks jurisdiction over Glock, Inc. due to insufficiency of process.

### AS AND FOR A FOURTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

The court lacks jurisdiction over the Glock, Inc. due to insufficiency of service of process.

### AS AND FOR A FIFTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SIXTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

The Complaint fails to join one or more indispensable parties.

### AS AND FOR AN SEVENTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

The Plaintiff's claims are barred by the applicable statutes of limitations.

ELECTRONICALLY FILED - 2020 Mar 16 5:18 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

## AS AND FOR AN EIGHTH SEPARATE AND COMPLETE
## AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

Any damages suffered by Plaintiff were proximately caused, in whole or in part, by Plaintiff's failure to exercise reasonable care under the circumstances and therefore, Plaintiff's recovery, if any, must be diminished by the proportion of Plaintiff's negligence which proximately caused or contributed to Plaintiff's alleged damages.

## AS AND FOR A NINTH SEPARATE AND COMPLETE
## AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

Plaintiff misused the product, therefore, Glock, Inc. cannot be liable.

## AS AND FOR A TENTH SEPARATE AND COMPLETE
## AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

Plaintiff engaged in conduct which caused or contributed the subject incident. Glock, Inc. therefore asserts the comparative fault of the Plaintiff as an affirmative defense.

## AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE
## AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

The product was modified after it was sold by Glock, Inc. in that said modification was unanticipated from the standpoint of the Glock, Inc. and caused or contributed to the subject incident. Moreover, the modification would void all warranties.

## AS AND FOR A TWELFTH SEPARATE AND COMPLETE
## AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

Certain third-parties not under the control of Glock, Inc., may be responsible for the subject incident, including any intermediary party which may have serviced the handgun, modified the handgun, and/or provided ammunition for the handgun which were not in compliance with the Glock, Inc.'s standards.

ELECTRONICALLY FILED - 2020 Mar 16 5:18 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

**AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE**
**AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION**

Plaintiff failed to follow the instructions, which caused or contributed to the subject

incident occurring.

**AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE**
**AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION**

Glock, Inc. states that its design and manufacture was state of the art as of the time that it

occurred.

**AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE**
**AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION**

Glock, Inc. complied with all industry safety, design, and manufacturer standards.

**AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE**
**AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION**

The subject incident was caused by misuse, abuse, unintended or unforeseeable use of the

subject handgun, for which the Glock, Inc. cannot be liable.

**AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE**
**AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION**

The warranties claimed are based upon opinion and are not actionable as a matter of law.

**AS AND FOR AN EIGHTEENTH SEPARATE AND COMPLETE**
**AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION**

Plaintiff failed to mitigate his damages and Glock, Inc. cannot be responsible for any

damages which could have been mitigated.

**AS AND FOR A NINETEETH SEPARATE AND COMPLETE**
**AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION**

Glock, Inc. would show that it is entitled to a set off from any recovery for benefits paid or

payable to or on behalf of Plaintiff from any collateral sources to the extent permissible under

applicable law.   Further, the defendant, Glock, Inc., while denying any liability, would show that

ELECTRONICALLY FILED - 2020 Mar 16 5:18 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

it is entitled to a determination of the percentage of responsibility of every other responsible party, even if such responsible party has not been joined in this action, for each such person causing or contributing to cause in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by other conduct or activity that violates an applicable legal standard, or by any combination thereof, and, if the defendant, Glock, Inc., is found liable, which liability it continues to deny, then the defendant, Glock, Inc., is entitled to a reduction of its liability to the extent of determined percentage of responsibility pursuant to and consistent with S.C. Code Ann. §§ 15-38-15 and/or 20.

## AS AND FOR A TWENTIETH SEPARATE AND COMPLETE
## AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

Plaintiff's use of the firearm was subject to a well-known assumption of the risk with regard to the use of handguns and that the Glock, Inc. should not be responsible for the risks assumed by the Plaintiff.

## AS AND FOR A TWENTY-FIRST SEPARATE AND COMPLETE
## AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

Glock, Inc. states that the firearm, its promotional materials, and/or manual materials are not defective or inadequate as a matter for law and pursuant to industry standards.

## AS AND FOR A TWENTY-SECOND SEPARATE AND COMPLETE
## AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

All dangers associated with the ownership and use of a handgun are open and obvious, and that Plaintiff voluntarily exposed himself to said dangers for which Glock, Inc. cannot be responsible.

ELECTRONICALLY FILED - 2020 Mar 16 5:18 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

### AS AND FOR A TWENTY-THIRD SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

There is no proximate cause between its actions or inactions and the alleged claim of the

Plaintiff.

### AS AND FOR A TWENTY-FOURTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

Glock, Inc. states that it did not owe to the Plaintiff the duties which have been asserted in

the Complaint.

### AS AND FOR A TWENTY-FIFTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

Glock, Inc. states that it was not on notice of the actual or potential dangers/deficiencies

which have been alleged within the Complaint.

### AS AND FOR A TWENTY-SIXTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

The Plaintiff's claims are barred, in whole or part, by estoppel.

### AS AND FOR A TWENTY-SEVENTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

The Plaintiff's claims are barred by the doctrine of laches.

### AS AND FOR A TWENTY-EIGHTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

The Plaintiff's claims are barred, in whole or part, by waiver.

### AS AND FOR A TWENTY-NINTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

The Plaintiff's claims are barred by the doctrine of unclean hands.

### AS AND FOR A THIRTIETH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

The defendant, Glock, Inc., would show that an award of punitive damages under South

ELECTRONICALLY FILED - 2020 Mar 16 5:18 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

Carolina law violates the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that:

    a.    The judiciary's ability to correct a punitive damages award only upon a finding of passion, prejudice, or caprice is inconsistent with due process guarantees;

    b.    Any award of punitive damages serving a compensatory function is inconsistent with due process guarantees;

    c.    Any award of punitive damages based upon the wealth of the defendant violates due process guarantees;

    d.    The jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due process guarantees;

    e.    Even if it could be argued that the standard governing the imposition of punitive damages exists, the standard is void for vagueness; and

    f.    The plaintiff's claim for punitive damages violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of the defendants.

The plaintiff's claim for punitive damages violates the Federal Doctrine of Separation of Powers and Article I, Section 8 of the South Carolina Constitution for the reason that punitive damages are a creation of the judicial branch of government which invades the province of the legislative branch of government.

### AS AND FOR A THIRTY-FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

The defendant, Glock, Inc., would show to the extent the Court submits the question of punitive damages to the jury, the award of punitive damages, if any, is subject to all statutory caps and limitations on punitive damages, including, but not limited to the caps described in S.C. Code Ann. § 15-32-530, et. seq., as amended, and the defendant pleads and incorporate the terms of that statute as fully and effectually as if set forth verbatim herein.

12

ELECTRONICALLY FILED - 2020 Mar 16 5:18 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

## AS AND FOR A THIRTY-SECOND SEPARATE AND COMPLETE
## AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSES OF ACTION

Glock, Inc. reserves the right to amend its Answer and Affirmative Defenses, if appropriate, after full investigation and discovery.

## DEMAND FOR TRIAL BY JURY

DEFENDANT requests trial by jury of all issues so triable as a matter of right.

WHEREFORE, Defendant, Glock, Inc. requests judgment be entered in its favor on all issues being raised by the Plaintiff and for recovery of its costs and fees upon determination of entitlement.

Respectfully submitted,


ROBINSON GRAY STEPP & LAFFITTE, LLC


By:    S/ J. Michael Montgomery
        J. Michael Montgomery (SC Bar 74930)
        mmontgomery@robinsongray.com
        Vordman Carlisle Traywick, III (SC Bar 102123)
        ltraywick@robinsongray.com
        1310 Gadsden Street, PO Box 11449
        Columbia, SC 29211

            and

        Christopher Renzulli, Esq. (*pro hac vice* to be filed)
        Anthony J. Odorisi, Esq. (*pro hac vice* to be filed)
        RENZULLI LAW FIRM, LLP
        One North Broadway, Suite 1005
        White Plains, New York 10601

        *Attorneys for Defendant Glock, Inc.*


Columbia, South Carolina

March 16, 2020

13

ELECTRONICALLY FILED - 2020 Mar 16 5:18 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

14

ELECTRONICALLY FILED - 2020 Feb 11 10:03 AM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF CHARLESTON | ) | NINTH JUDICIAL CIRCUIT |
| | ) | |
| RYAN M. CATO, | ) | CASE NO. 2019-CP-10-05379 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GLOCK, INC., A GEORGIA | ) | **PRIMARY WEAPONS SYSTEMS, INC.'S** |
| CORPORATION; GLOCK GES.M.B.H., | ) | **ANSWER TO COMPLAINT** |
| AN AUSTRIAN CORPORATION; | ) | |
| INNOVATIVE GUNFIGHTER | ) | |
| SOLUTIONS, INC.; PRIMARY | ) | |
| WEAPONS, INC.; ALLIED ARMS, INC., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

TO: R. PATRICK FLYNN, ATTORNEY FOR PLAINTIFF:

The Defendant, Primary Weapons Systems, Inc., (hereinafter "Defendant") by and through their undersigned attorneys, subject to and without waiving its right to have any and all claims dismissed based on lack of personal jurisdiction and any other defenses available, hereby responds to the allegations set forth in the Complaint subject all affirmative defenses and motions as follows:

1. Any allegations set forth in the Complaint not specifically admitted, modified, or otherwise denied is hereby expressly denied and strict proof is demanded thereof.

2. This Defendant admits the allegations contained in Paragraphs 1 through 4 of the Complaint, upon information and belief.

3. Responding to the allegations set forth in Paragraph 5 of the Complaint, this Defendant affirmatively states that it is an Idaho corporation and that its correct and proper name is

ELECTRONICALLY FILED - 2020 Feb 11 10:03 AM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

Primary Weapons Systems, Inc. The remaining allegations set forth in the above Paragraph are denied and strict proof is demanded thereof.

4. This Defendant admits the allegations contained in Paragraph 6 of the Complaint, upon information and belief.

5. The allegations set forth in Paragraph 7 of the Complaint are directed toward parties other than this Defendant. As to the other parties, no response is required from this Defendant.

6. The allegations set forth in Paragraph 8 of Complaint are unintelligible as drafted and therefore this Defendant cannot reasonably be expected to reply. Nevertheless, the allegations appear to call for legal conclusions and, therefore no response is required. To the extent a response is required, these allegations are denied.

7. This Defendant denies the allegations set forth in Paragraph 9 of the Complaint and demands strict proof thereof. Further, this Defendant affirmatively states that it only manufactured and sold an accessory part known as an enhanced duty slide to Plaintiff.

8. In answering the allegations contained in Paragraph 10 of the Complaint, this Defendant admits Plaintiff's residency and location of the alleged injury, upon information and belief. The remaining allegations, however, call for legal conclusions and, therefore no response is required. To the extent a response is required, the remaining allegations are denied.

9. This Defendant denies the allegations set forth in Paragraph 11 of the Complaint, as written. This Defendant craves reference to the incident report regarding the information contained therein.

10. This Defendant admits the allegations contained in Paragraph 12 of the Complaint, upon information and belief.

ELECTRONICALLY FILED - 2020 Feb 11 10:03 AM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

11. This Defendant is without sufficient knowledge or information to respond to the allegations contained in Paragraphs 13 through 15 of the Complaint and therefore denies the same and demands strict proof thereof.

12. In answering the allegations contained in Paragraph 16 of the Complaint, this Defendant denies any negligence on its part all alleged in said Paragraph. This Defendant is without sufficient knowledge or information to respond to the remaining allegations in said Paragraph and therefore denies the same and demands strict proof thereof.

13. In answering the allegations contained in Paragraph 17 of the Complaint, this Defendant denies that it is "in the business of designing, manufacturing, assembling, and/or selling Glock pistols and more specifically the above described Glock pistol." This Defendant affirmatively states admits that it manufactures and sells accessory gun parts and, in fact, manufactured and sold an enhanced duty slide to Plaintiff in this case. This Defendant denies any role in designing manufacturing, assembling, selling or distribution of the Glock pistol at issue. Further answering, the allegations related to the condition of the Glock pistol upon supply are directed toward parties other than this Defendant. As to the other parties, no response is required from this Defendant. The Defendant is without sufficient knowledge or information as to the remaining allegations and subparts contained within the above mentioned Paragraph and therefore denies the same and demands strict proof thereof.

14. This Defendant denies the allegations contained in Paragraphs 18, 19 and 20 of the Complaint and demands strict proof thereof.

15. The allegations set forth in Paragraph 21 of Complaint are unintelligible as drafted and therefore this Defendant cannot reasonably be expected to reply. Nevertheless, this Defendant is without sufficient knowledge or information to respond to the allegations

ELECTRONICALLY FILED - 2020 Feb 11 10:03 AM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

mentioned in the above Paragraph and therefore denies the same and demands strict proof thereof.

16. This Defendant denies the allegations contained in Paragraph 22 of the Complaint and demands strict proof thereof.

17. The allegations set forth in Paragraph 23 of the Complaint relating to duty and warnings call for legal conclusions, and therefore no response is required. To the extent a response is required, these allegations are denied. Additionally, this Defendant denies any negligence on its part. Further answering, this Defendant is without sufficient knowledge or information to respond to the remaining allegations and therefore denies the same and demands strict proof thereof. This Defendant craves reference to United States Patent No. 5,655,326 and said patent outlines regarding the information contained therein.

18. In responding to the allegations set forth in Paragraph 24 of the Complaint, this Defendant restates its answers set forth in the above Paragraphs as if stated verbatim herein.

19. This Defendant denies the allegations set forth in Paragraphs 25, and its subparts, 26 and 27 of the Complaint and demands strict proof thereof.

20. In responding to the allegations set forth in Paragraph 28 of the Complaint, this Defendant restates its answers set forth in the above Paragraphs as if stated verbatim herein.

21. This Defendant denies the allegations contained in Paragraphs 29, 30 and 31 of the Complaint and demands strict proof thereof.

22. In answering the allegations contained in Paragraphs 32 and 33, this Defendant denies that it is a manufacturer of Glock pistols and demands strict proof thereof. The remaining allegations contained within each above mentioned Paragraphs call for legal conclusions,

ELECTRONICALLY FILED - 2020 Feb 11 10:03 AM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

therefore no response is required. To the extent a response is required, these allegations are denied.

23. This Defendant denies the allegations contained in Paragraphs 34, 35 and 36 of the Complaint and demands strict proof thereof.

24. In responding to the allegations contained in Paragraph 37 of the Complaint, this Defendant restates its answers set forth in the above Paragraphs as if stated verbatim herein.

25. In answering the allegations set forth in Paragraphs 38 through 40 of the Complaint, this Defendant is without sufficient knowledge or information to respond and therefore denies the same and demands strict proof thereof. This Defendant affirmatively states that it only manufactured and sold to Plaintiff the enhanced duty slide accessory. The allegations contained within the above mentioned Paragraphs are directed toward parties other than this Defendant. As to the other parties, no response is required from this Defendant. To the extent that a response is required, said allegations are denied.

26. The Defendant denies the allegations contained in Paragraphs 41 and 42 of the Complaint and demands strict proof thereof.

27. The Defendant denies the allegations set forth in Plaintiff's Prayer for Relief.

## FURTHER ANSWERING AND BY WAY OF A
## FURTHER AND AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over this Defendant pursuant to Rule 12(b)(2) of the South Carolina Rules of Civil Procedure and S.C. Code Ann. § 36-2-803. Accordingly, Plaintiff's claims against this Defendant must be dismissed.

## FURTHER ANSWERING AND BY WAY OF A
## FURTHER AND AFFIRMATIVE DEFENSE

ELECTRONICALLY FILED - 2020 Feb 11 10:03 AM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

The Complaint fails to state facts sufficient to support a cause of action under Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

### FURTHER ANSWERING AND BY WAY OF A
### FURTHER AND AFFIRMATIVE DEFENSE

This Defendant would allege and show that if these parties had a contract, then the Complaint fails to state a claim upon which relief can be granted because no duties are owed by Defendant except those defined by the contract.

### FURTHER ANSWERING AND BY WAY OF A
### FURTHER AND AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages and an award for punitive damages would violate those clauses of the Constitutions of the United States and South Carolina related to privileges and immunities, due process and equal protection and this Defendant would further assert the protections, defenses, and statutory rights set forth in S.C. Code Ann. § 15-32-510, *et seq*.

### FURTHER ANSWERING AND BY WAY OF A
### FURTHER AND AFFIRMATIVE DEFENSE

Punitive damages are inappropriate in this case because this Defendant did not engage in any malicious, reckless, wrongful or intentional conduct upon which an award of punitive damages would be based.

### FURTHER ANSWERING AND BY WAY OF A
### FURTHER AND AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the economic loss rule.

### FURTHER ANSWERING AND BY WAY OF A
### FURTHER AND AFFIRMATIVE DEFENSE

This Defendant would allege and show that any injuries and damages sustained by the Plaintiff as alleged in the Complaint, which are denied, were due to and were caused and

ELECTRONICALLY FILED - 2020 Feb 11 10:03 AM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

occasioned by the intervening and superseding negligence of some other party or parties over whom the Defendant had no supervision or control, and the Defendant does plead such intervening and superseding negligence as the direct and proximate cause of the injuries and damages sustained by the Plaintiff as alleged in the Complaint.

## FURTHER ANSWERING AND BY WAY OF A
## FURTHER AND AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable Statute of Limitations.

## FURTHER ANSWERING AND BY WAY OF A
## FURTHER AND AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the doctrine of assumption of risk and/or applicable statutory law of state of South Carolina in that assuming, but not admitting, the product in question was dangerous, the Plaintiff discovered and was aware of such, assumed such risk and proceeded unreasonably, thus resulting in the alleged injury.

## FURTHER ANSWERING AND BY WAY OF A
## FURTHER AND AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrines of laches, waiver, and/or estoppel.

## FURTHER ANSWERING AND BY WAY OF A
## FURTHER AND AFFIRMATIVE DEFENSE

To the extent this Defendant is required to raise the affirmative defense of comparative negligence under applicable South Carolina law in order to avoid an argument of waiver by Plaintiff, this Defendant would assert Plaintiff's damages, if any, should be proportionately barred or reduced under the doctrine of comparative fault if such evidence is found as the case proceeds.

ELECTRONICALLY FILED - 2020 Feb 11 10:03 AM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

**FURTHER ANSWERING AND BY WAY OF A**
**FURTHER AND AFFIRMATIVE DEFENSE**

This Defendant has no duty to warn about possible dangers or hazards, if any, which are denied, in using the product, namely, the "enhanced duty slide," which were not known or which were not capable of being known or discoverable by reasonable inspection.

**FURTHER ANSWERING AND BY WAY OF A**
**FURTHER AND AFFIRMATIVE DEFENSE**

This Defendant has no duty to warn of potential risks or dangers inherent in the product at issue since the product was distributed to a sophisticated user who is in a position to understand and assess the risks involved. Bragg v. Hi-Ranger, Inc., 319 S.C. 531, 462 S.E.2d 321 (Ct. App. 1995). The sophisticated user defense applies; therefore, the Plaintiff is herein barred from recovery.

**FURTHER ANSWERING AND BY WAY OF A**
**FURTHER AND AFFIRMATIVE DEFENSE**

This Defendant would allege and show that the Plaintiff was, at all times, fully aware of the alleged dangers as set forth in Plaintiff's Complaint, and that the Plaintiff was negligent and careless in failing to take any reasonable caution for his own safety in that he assumed the alleged risk as set forth in the Plaintiff's Complaint, and that his negligent, careless, reckless, heedless, willful and wanton assumption of the risk was the proximate cause of the Plaintiff's alleged injuries and damages as set forth in the Complaint; therefore, the Plaintiff is herein barred from recovery.

**FURTHER ANSWERING AND BY WAY OF A**
**FURTHER AND AFFIRMATIVE DEFENSE**

This Defendant would allege and show that it has substantially performed all requirements, contractual or otherwise, in a reasonable manner.

ELECTRONICALLY FILED - 2020 Feb 11 10:03 AM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

### FURTHER ANSWERING AND BY WAY OF A
### FURTHER AND AFFIRMATIVE DEFENSE

Any injuries and damages sustained by Plaintiffs may have been the result of misuse and/or abuse of the product in question. Additionally, the Plaintiff and/or other parties may have failed to use the product properly and may have abused the product and subjected it to abnormal use at the time or times and places alleged in the Complaint. Further, the product may have been used and handled contrary to the normal method of using the same, which was well known or ought to have been well known to the Plaintiff and/or other parties.

### FURTHER ANSWERING AND BY WAY OF A
### FURTHER AND AFFIRMATIVE DEFENSE

Assuming the allegations of the Complaint are correct, which is denied, then if, after the product left the possession and control of this Defendant, and without this Defendant's knowledge or approval, the product was modified or altered or subjected to treatment that substantially changed its character and condition, then the alleged dangers, as set forth in the Complaint, resulted from the modification, altercation or treatment or other change of the product after this Defendant relinquished possession and control over it and not from any act or omission of this Defendant.

### FURTHER ANSWERING AND BY WAY OF A
### FURTHER AND AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the doctrine(s) contained in Restatement (Second) of Torts §402(a), Comment K.

### FURTHER ANSWERING AND BY WAY OF A
### FURTHER AND AFFIRMATIVE DEFENSE

This Defendant would allege and show that the Complaint is barred pursuant to S.C. Code Ann. § 15-73-20.

### FURTHER ANSWERING AND BY WAY OF A
### FURTHER AND AFFIRMATIVE DEFENSE

ELECTRONICALLY FILED - 2020 Feb 11 10:03 AM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

On information and belief, any and all alleged warranties were effectively excluded, modified, and/or disclaimed.

**FURTHER ANSWERING AND BY WAY OF A**
**FURTHER AND AFFIRMATIVE DEFENSE**

The product was accepted and therefore, this Defendant pleads the same as a complete defense.

**FURTHER ANSWERING AND BY WAY OF A**
**FURTHER AND AFFIRMATIVE DEFENSE**

The Plaintiff has failed to exercise reasonable diligence in mitigating the damages the Plaintiff claims to have suffered at the hands of the Defendant.

**FURTHER ANSWERING AND BY WAY OF A**
**FURTHER AND AFFIRMATIVE DEFENSE**

This Defendant would allege and show that it made no warranties of any kind, express or implied, or any representation of any nature to the Plaintiff, and such constitutes a complete defense to the Plaintiff's Complaint.

**FURTHER ANSWERING AND BY WAY OF A**
**FURTHER AND AFFIRMATIVE DEFENSE**

If this Defendant made any warranties to the Plaintiff, which is denied, Plaintiff claims for breach of warranties are barred because Plaintiff did not rely on any warranties allegedly made by the Defendant.

**FURTHER ANSWERING AND BY WAY OF A**
**FURTHER AND AFFIRMATIVE DEFENSE**

If Plaintiff sustained the injuries and damages as alleged (which injuries and damages are specifically denied by this Defendant) then said injuries and damages are not the result of this Defendant's action or inaction because the product was manufactured with the highest standards

ELECTRONICALLY FILED - 2020 Feb 11 10:03 AM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

and in accordance with the state-of-the-art scientific and technological knowledge at the time of manufacture.

**FURTHER ANSWERING AND BY WAY OF A**
**FURTHER AND AFFIRMATIVE DEFENSE**

With respect to each and every cause of action, this Defendant asserts all defenses under S.C. Code Ann. § 15-73-10 et seq., including but not limited to industry custom, technological feasibility, and compliance with standards and regulations.

**FURTHER ANSWERING AND BY WAY OF A**
**FURTHER AND AFFIRMATIVE DEFENSE**

The Defendant hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery, and thus reserves the right to amend its Answer to assert any such defenses.


YOUNG CLEMENT RIVERS, LLP


By: /s/D. Jay Davis, Jr.
D. Jay Davis, Jr.; James D. Gandy, III;
Alexandra J. Ginsburg
P.O. Box 993, Charleston, SC 29402
(843) 724-6621; jdavis@ycrlaw.com;
tgandy@ycrlaw.com; aginsburg@ycrlaw.com
Attorneys for the Primary Weapons Systems, Inc.

Charleston, South Carolina
Dated: February 11, 2020

ELECTRONICALLY FILED - 2020 Mar 13 4:19 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF CHARLESTON | ) | NINTH JUDICIAL CIRCUIT |
| | ) | |
| RYAN M. CATO, | ) | CASE NO. 2019-CP-10-05379 |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | **DEFENDANT ALLIED ARMS, INC.'S** |
| | ) | **MOTION TO DISMISS** |
| GLOCK, INC., A GEORGIA | ) | **PLAINTIFF'S COMPLAINT** |
| CORPORATION; GLOCK GES.M.B.H., | ) | **PURSUANT TO RULE 12(b)(6), SCRCP** |
| AN AUSTRIAN CORPORATION; | ) | |
| INNOVATIVE GUNFIGHTER | ) | |
| SOLUTIONS, INC.; PRIMARY | ) | |
| WEAPONS, INC.; ALLIED ARMS, INC., | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

TO:    R. PATRICK FLYNN, ATTORNEY FOR PLAINTIFF, RYAN M. CATO:

YOU WILL PLEASE TAKE NOTICE THAT, within ten (10) days of the service of this

Motion, or as soon thereafter as Counsel may be heard, the undersigned attorneys for Defendant

Allied Arms, Inc. will move before the presiding judge of the Court of Common Pleas for

Charleston County, pursuant to Rule 12(b)(6), of the *South Carolina Rules of Civil Procedure*,

for an Order dismissing Plaintiff's Complaint against Allied Arms, Inc., with prejudice.

Said Motion shall be based upon the grounds that Defendant, Allied Arms, Inc., was not a

"seller" of the product, Glock service pistol, as contemplated by the provisions of 1976 South

Carolina Code of Laws, Ann. § 15-73-10, *et seq.*

Accordingly, Plaintiff's Complaint fails to state facts sufficient to constitute a cause of

action against Defendant, Allied Arms, Inc.

Said Motion may be further supported by Defendant's Memorandum of Law and exhibits

thereto, as well as such statutory law, common law and rules of court as may be applicable.

ELECTRONICALLY FILED - 2020 Mar 13 4:19 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

YOUNG CLEMENT RIVERS, LLP


By: *s/ Wilbur E. Johnson*
Wilbur E. Johnson, Esquire, SC Bar No. 3062
P.O. Box 993, Charleston, SC  29402-0993
25 Calhoun Street, Suite 400, Charleston, SC 29401
Telephone:  (843) 724-6659
Fax:  (843) 579-1332
E-mail:  wjohnson@ycrlaw.com
Attorneys for the Defendant Allied Arms, Inc.


Charleston, South Carolina

Dated: March 13, 2020

ELECTRONICALLY FILED - 2020 Jun 18 3:03 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
|---|---|
| COUNTY OF CHARLESTON | NINTH JUDICIAL CIRCUIT |
|  | CASE NO. 2019-CP-10-5379 |

RYAN M. CATO,

               Plaintiff,

v.

GLOCK, INC., a Georgia Corporation;
GLOCK Ges.m.b.H., an Austrian
Corporation; Innovative Gunfighter Solutions,
Inc.; Primary Weapons, Inc.; Allied Arms,
Inc.

               Defendants.

**DEFENDANT ALLIED ARMS, LLC'S
MEMORANDUM OF LAW
IN SUPPORT OF ITS RULE 12(b)(6)
MOTION TO DISMISS**

      Plaintiff alleges that he was injured when he knocked his Glock 19 Gen. 3 service pistol

("incident pistol") to the bathroom floor resulting in a discharged round into his leg. Plaintiff filed

this product liability suit against Glock, Inc., Glock Ges.m.b.H., Innovative Gunfighter Solutions,

Inc., Primary Weapons, Inc., and movant Allied Arms, Inc. ("Allied Arms") on the basis that the

incident pistol was defective in design and manufacture, and that inadequate warnings were

provided with the pistol. Plaintiff asserts that both the manufacturing and non-manufacturing

defendants: designed, manufactured and sold a defective pistol; failed to adequately test the pistol;

failed to recommend or provide training to purchasers of the pistol; and failed to prevent the sale

of the pistol. Plaintiff also claims that each defendant breached the implied warranty for fitness

and express warranties of character and fitness.

      It is undisputed that Allied Arms did not design or manufacture the pistol, install any

components, modify the pistol, and it is not the retailer/dealer that sold the pistol to Plaintiff.

Plaintiff purchased the pistol from independent third-party seller Tactical Textures, LLC, and the

pistol was then delivered to Allied Arms for transfer services only. Because Plaintiff purchased

ELECTRONICALLY FILED - 2020 Jun 18 3:03 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

this firearm from an out-of-state retailer/dealer, pursuant to federal law, the pistol had to be transferred to an in-state federal firearms licensed dealer ("FFL dealer"), in this case Allied Arms, to transfer the pistol to Plaintiff. As part of the transfer service, Allied Arms: requested that Plaintiff complete the federal Firearms Transaction Record form (ATF Form 4473); conducted a background check through the federal National Instant Criminal Background Check System ("NICS"); and transferred possession of the pistol to Plaintiff once the paperwork was completed and the NICS check was passed. Allied Arms did not receive any form of compensation for the sale of the firearm between Tactical Textures and Plaintiff. Allied Arms was solely compensated by Plaintiff for the service it provided to transfer the firearm.

Pursuant to Rule 12(b)(6), Plaintiff's causes of action against Allied Arms must be dismissed for failure to state a cause of action against Allied Arms. Allied Arms' sole involvement with the incident pistol is that it transferred the pistol to Plaintiff as the FFL dealer. While Plaintiff alleges that the pistol was "purchased" from Allied, Plaintiff did not pay Allied Arms for the pistol, nor would Allied Arms fit the definition of "seller" under the Defective Products Act, South Carolina Code of Laws Section 15-73-10. For the foregoing reasons, Plaintiff's strict liability causes of action against Allied Arms must be dismissed.

## I.    FACTUAL BACKGROUND

Plaintiff, a law enforcement officer, alleges that on October 20, 2017, he was inside of his residence carrying his Glock 19 Gen. 3 service pistol. (Ex. A, Pltf. Compl. ¶ 11). Plaintiff attempted to use the restroom while the pistol was on his person. (Id. at ¶ 11). In the restroom, he removed the pistol from its holster and placed it on a counter. (Id. at ¶ 13). Plaintiff washed his hands, wiped the counter with the hand towel and knocked the pistol to the floor, causing it to discharge a single round into Plaintiff's leg. (Id. at ¶¶ 13-14). Plaintiff subsequently filed this suit against the defendants.

ELECTRONICALLY FILED - 2020 Jun 18 3:03 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

Plaintiff's Complaint improperly and wrongly alleges that Plaintiff purchased the subject pistol from Allied Arms. (Id. at ¶ 16). Therefore, Plaintiff's Complaint omits critical facts within his knowledge regarding the sale of the pistol, with said facts bearing unfavorably against Plaintiff as to his claims against Allied Arms. Allied Arms is an FFL dealer located in Charleston, South Carolina, selling firearms and providing transfer services for firearms that are purchased by local customers from independent online and out-of-state retailers. (Ex. B, Costadani Dec. ¶ 5). For the subject pistol, Allied Arms was not involved in selling or distributing the pistol, nor did it receive any compensation from the sale between Plaintiff and third-party retail seller Tactical Textures, LLC. (Id. at ¶¶ 8, 9). After Plaintiff purchased the pistol from Tactical Textures, LLC, Tactical Textures delivered the pistol to Allied Arms on April 22, 2017. (Id. at ¶ 8). On that same date, Plaintiff came to Allied Arms, completed the required federal form (ATF 4473), underwent the federal National Instant Criminal Background Check System background check, and received the firearm after he passed the background check. (Id. at ¶¶ 6, 8). From 2014 to the present date, Allied Arms conducted a total of 20 firearms transfers and sales to Plaintiff. (Id. at ¶ 7).

## II.    LEGAL STANDARD

Defendant moves for the dismissal of Plaintiff's Complaint pursuant to South Carolina Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action, the trial court must base its ruling on the well plead allegations set forth in the complaint and other undisputed facts. *Spence v. Spence,* 368 S.C. 106, 116 (2006); *Doe v. Marion,* 373 S.C. 390 (2007); *Dye v. Gainey,* 320 S.C. 65 (S.C. App. 1995). When deciding a motion to dismiss for failure to state a claim, the question is whether, in the light most favorable to the plaintiff, the complaint states any valid claim for relief. *Plyler v. Burns*, 373 S.C. 637 (S.C. 2007); *Overcash v. South Carolina Elec. and Gas Co.,* 364 S.C. 569 (2005); *Williams v. Condon* 347 S.C. 227 (Ct. .App. 2001); *Benson v. United Guar. Residential*

ELECTRONICALLY FILED - 2020 Jun 18 3:03 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

*Ins. of Iowa,* 315 S.C. 504 (Ct. App. 1994); *Brown v. Leverette* 291 SC 364 (1987); *Gentry v. Yonce,* 337 S.C. 1, 5 (1999). The complaint should not be dismissed merely because the court doubts the plaintiff will prevail in the action. *See Toussaint v. Ham,* 292 S.C. 415 (1987).

In deciding a motion to dismiss, the Court should consider all documents and facts referred to in the pleadings, as well as matters integral to the claim of which the pleaders had notice. *See Tetrev v. Pride Intern,* 444 F.Supp.2d 524 (D. S.C. 2006); *Hovind v. Anderson, Mercado v. Bank of America, NA,* No. 2:15-cv-00231-RMG, 2015 WL 13817475 (D. S.C. Oct. 15, 2015). A plaintiff cannot attempt to avoid the outcome of a motion to dismiss by avoiding reference to unfavorable facts or documents in the Complaint. *See e.g. Cortec Indus. Inc. v. Sum Holding L.P.,* 949 F.2d 42 (2d Cir.1991) (*"Plaintiffs' failure to include matters of which as pleaders they had notice and which were integral to their claim—and that they apparently most wanted to avoid—may not serve as a means of forestalling the district court's decision on the motion."*)*; San Leandro Emergency Med. Group Profit Sharing Plan v. Philip Morris Cos.,* 75 F.3d 801, 808 (2d Cir. 1996); *I. Meyer Pincus & Assocs. P.C. v. Oppenheimer & Co.,* 936 F.2d 759, 762 (2d Cir. 1991)( "Plaintiff cannot evade a properly argued motion to dismiss simply because plaintiff has chosen not to attach the [document] to the complaint or to incorporate it by reference."). Thus, whether Plaintiff purposefully omitted the transfer related facts in his Complaint, or whether he lacked the diligence to investigate or refresh his recollection as to these facts while the Complaint was drafted, either way, Allied Arm submits that such facts cannot be disputed, and the Court should assume same when deciding the legal issues presented in this motion.

ELECTRONICALLY FILED - 2020 Jun 18 3:03 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

## III.    ARGUMENT

### A.    DISMISSAL OF PLAINTIFF'S CLAIMS ARE WARRANTED AS ALLIED ARMS, INC., IS NOT A SELLER OF THE INCIDENT FIREARM.

Pursuant to the Defective Products Act, South Carolina Code of Laws Section 15-73-10, one who sells any product in a defective condition unreasonably dangerous to the customer is subject to liability if the seller is engaged in the business of selling the product and it reaches the customer without substantial change in the condition in which it is sold.  However, the South Carolina Supreme Court has drawn a distinction between a seller and the provider of a service, the latter not being held liable under strict liability theories.  *Samson v. Greenville Hospital System*, 297 S.C.409, 410 (1989) ("South Carolina Code Ann. § 15–73–10 (1976), which is based on Section 402A of the Restatement (Second) of Torts, imposes strict liability in tort upon the suppliers of defective products. This section applies only to products and not to services.").  The Court has exempted physicians, pharmacists, and general contractors from liability on this basis, even thought they were all partially sellers, and the reasoning in those cases applies here.

In *In re Breast Implant Product Liability Litigation*, 331 S.C. 540 (1998), Plaintiff filed suit against several healthcare providers and the manufacturer of a breast implant that was claimed to be defective pursuant to the Defective Products Act.  The trial court denied the healthcare defendants' motion to dismiss the plaintiff's Complaint and held that the healthcare defendants could be held strict liability for product defects.  *Id*. at 543.  The trial court then moved *sua sponte* to certify to the Supreme Court the question of whether a healthcare provider could be held strictly liable under the Defective Products Act.  *Id*. at 546.  In deciding the question, our Supreme Court stated that the pivotal question is "whether health care providers…offer services or products."  *Id*. at 547.  The Court ultimately found that physicians who perform breast implant procedures are providing a service and cannot be held liable under strict liability theories, "as the product may not

ELECTRONICALLY FILED - 2020 Jun 18 3:03 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

be purchased independently of the service." *Ibid*. Stated differently, the decisive issue is that "one does not 'buy' a breast implant in the same way as one who would buy a product, such as a lawnmower." *Ibid*.

In *Madison v. American Home Products*, 358 S.C. 449 (2004), the plaintiff assaulted her son while under the influence of prescription medication, and she subsequently filed a product liability suit against the formulator of the medication and the pharmacy that filled it. The pharmacy filed a pre-answer motion to dismiss the complaint for plaintiff's failure to state a cause of action, which the trial court granted. *Id*. at 450-51. On appeal, the Supreme Court found that the issue was purely legal, requiring a determination of whether a pharmacy could be held strictly liable for properly filling a prescription drug in accordance with the physician's orders. *Id*. at 451. The Court held that given the holding in *In re Breast Implant Product Liability Litigation* and the fact that filling a prescription is more of a service than a sale, plaintiff's causes of action in strict liability and for breach of warranty were properly dismissed. *Id*. at 455.

In *Fields v. J. Haynes Waters Builders, Inc.*, 376 S.C. 545 (2008), the plaintiff-homeowners filed suit against the contractor that installed defective stucco siding that allowed moisture intrusion into his home. The plaintiffs appealed from the jury verdict and argued that the court committed several errors, including the granting of the defendant's motion for a directed verdict on the express warranty and strict liability claims. *Id*. at 552. In focusing on the "the character of the underlying transaction, the law regarding similar transactions in other jurisdictions, and the policy arguments in favor of imposing strict liability in a given situation[,]" the Court affirmed the trial court's ruling and found that a general contractor building a home is providing a service, "even though the result of the [contractor's] service is to supply a structure or building to the owner." *Id*. at 565.

ELECTRONICALLY FILED - 2020 Jun 18 3:03 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

The reasoning in *Fields*, *Madison*, and *In re Breast Implant Product Liability Litigation* are applicable in this matter. Similar to a pharmacist filling a prescription, Allied Arms provided a service only to Plaintiff. In fact, Allied Arms' role regarding a sale is even more distant from pharmacist and the surgeon, since undoubtedly both the pharmacy and the surgeon charged the patients for the drug and implant, respectively, as well as referenced services. Here, Allied Arms received no remuneration for the sale of the pistol, only for the transfer service. While the pharmacist and surgeon were a mixed sale-service situation, here we have only services rendered. Thus, Allied Arms' role was clearly more of a service than a sale and the strict liability claims against it should be dismissed. *See Madison v. American Home Products*, 358 S.C. at 455. Accordingly, the dismissal of all claims against Allied Arms based on the Defective Products Act is appropriate.

Plaintiff's artful pleadings by coining Allied Arms as a seller, when he knows or is in possession of facts that Allied Arms was solely the transferring FFL regarding this firearm, cannot create a cause of action where none exists. Plaintiff is fully aware or should have access to information or documents that he purchased the subject firearm from Tactical Textures, and not Allied Arms. Further, Allied Arms maintains an "Acquisition & Disposition" record for every firearm that it acquires and sells or transfers, and this record is required to be accurately maintained under federal law. Attached hereto as Exhibit C is a printout of the federally mandated entries for all of Plaintiff's firearm acquisitions from Allied Arms.[1] As can be seen on page 2, the subject Glock pistol was acquired by Allied Arms from Tactical Textures on April 22, 2017, and then

---

[1] These types of documents can be considered on a motion to dismiss. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) ("[A] court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiffs' claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.").

ELECTRONICALLY FILED - 2020 Jun 18 3:03 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

transferred to Plaintiff on that same day. Thus, it is uncontested that Plaintiff purchased this firearm from Tactical Textures and then acquired it from Allied Arms as a transfer.

## V. CONCLUSION

As Defendant Allied Arms, Inc. did not design, manufacture, sell, inspect, or derive a benefit from the sale of the incident pistol, Plaintiff's claims against Allied Arms should be dismissed with prejudice.

YOUNG CLEMENT RIVERS, LLP


By: *s/ Wilbur E. Johnson*
Wilbur E. Johnson, Esquire, SC Bar No. 3062
25 Calhoun Street, Suite 400
Charleston, SC 29401
Tel: (843) 724-6659
E-mail: wjohnson@ycrlaw.com

Ryan L. Erdreich *Pro Hac Vice*
Pisciotti Malsch
30 Columbia Turnpike, Suite 205
Florham Park, NJ 07932
Tel. (973)245-8100
E-mail: rerdreich@pmlegalfirm.com

**ATTORNEYS FOR THE DEFENDANT
ALLIED ARMS, INC.**

Dated: June 18, 2020

ELECTRONICALLY FILED - 2020 Jun 18 3:03 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

# EXHIBIT A

**COMPLAINT**

**CATO VS. GLOCK INC., et al**

ELECTRONICALLY FILED - 2020 Jun 18 3:03 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | CASE NO. 2019-CP-10-_____ |
| COUNTY OF CHARLESTON | ) | |
| | ) | |
| RYAN M. CATO, | ) | |
| | ) | **COMPLAINT** |
| Plaintiff, | ) | |
| | ) | **Negligence and Gross Negligence** |
| v. | ) | **Breach of Warranties** |
| | ) | **Breach of Contract** |
| | ) | **(Jury Trial Demanded)** |
| GLOCK, INC., a Georgia Corporation; | ) | |
| GLOCK Ges.m.b.H., an Austrian | ) | |
| Corporation; Innovative Gunfighter | ) | |
| Solutions, Inc.; Primary Weapons, Inc.; | ) | |
| Allied Arms, Inc. | ) | |
| | ) | |

Plaintiff, Ryan M. Cato hereby alleges and states as follows:

1.  The Plaintiff, Ryan M. Cato is a citizen and resident of Dorchester County, South Carolina.

2.  Defendant Glock, Inc. is a domestic, for profit corporation, organized and existing under the laws of the State of Georgia, with its principal place of business at 6000 Highlands Parkway, Smyrna, Georgia, 30082; and registered agent for service of process in the State of Arkansas as National Registered Agents, Inc., 2 Office Park Court Suite 103 Columbia, South Carolina 29223.

3.  Defendant, Glock Ges.m.b.H., is an Austrian corporation, which trades and does business regularly within the United States of America and in the State of South Carolina. This Defendant has a principal office for business at Hausfeldstrasse 17, Deutch-Wagram, Austria A2232.

ELECTRONICALLY FILED - 2020 Jun 18 3:03 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

4.    Defendant Innovative Gunfighter Solutions, LLC is an LLC organized and existing in a state other than South Carolina which, at all times relevant hereto, conducted business in Charleston County, South Carolina.

5.    Defendant Precision Weapons, Inc. is a corporation organized and existing in a state other than South Carolina which, at all times relevant hereto, conducted business in Charleston County, South Carolina.

6.    Defendant Allied Arms, LLC is an LLC organized and existing in the County of Charleston, South Carolina.

7.    The Defendant, Glock Ges.m.b.H, having representatives in the United States of America, to-wit, Glock, Inc. as its designated and named business agent and distributor for Glock pistols, including the hereinafter described Glock pistol, in and throughout the United States of America, who has caused damage and injury to residents, the plaintiffs named herein, in the State of South Carolina by committing a tort in the State of South Carolina, and who may be served with process pursuant to the South Carolina long arm statute and via U.S. and international postal service; further, Glock Ges.m.b.H. is a foreign corporation with its principal place of business located in Austria, but having representatives and affiliates in the United States to-wit, Glock, Inc., and its duly authorized, designated and named agent and distributor for its products in and throughout the United States; and further, that the defendant, Glock, Inc., is the alter ego of Glock Ges.m.b.H and service upon Glock Ges.m.b.H. may also be made by delivering to and service upon Glock, Inc. at its corporate offices and address.

8.    The Plaintiff's causes of action and claims for relief arise from the defendants transacting business in the State of South Carolina; transacting to supply services or things in the

ELECTRONICALLY FILED - 2020 Jun 18 3:03 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

State of South Carolina; having caused tortuous injury in the State of South Carolina by an act or omission outside and inside the State of South Carolina; that the Defendants regularly did and solicited business and/or engaged in other persistent courses of conduct in the State of South Carolina; said Defendants derived substantial revenues from goods and/or services consumed and/or used in the State of South Carolina; and that the Defendants did place in the stream of commerce in the United States of America and in the State of South Carolina the Glock pistol, hereinafter described, which is the subject of this litigation. Said Glock pistol was purchased and used in the State of South Carolina.

9.    That the Defendants, and each of them, individually and/or in combination, did design, manufacture, construct, fabricate, assemble, attest, merchandise, advertise, promote, sell and distribute said Glock pistol; further, said Defendants did design, write, promote and/or approve the instructional manual and advertising and sales literature with reference to said Glock pistol.

10.   At the time of the occurrence, which is the subject of this complaint, the Plaintiff was a resident of the City of North Charleston, in Dorchester County, South Carolina, and the injury to the Plaintiff, upon which the claims and causes of action are alleged herein, occurred in Dorchester County, South Carolina. This court has jurisdiction over the matters contained in this lawsuit and Charleston County is the proper venue pursuant to the laws of the State of South Carolina.

11.   As described in the incident report attached as Exhibit "A", on October 20, 2017, Plaintiff was on off-duty law enforcement officer in his residence with his service pistol, a Glock 19 Gen 3, serial number BCV 1374 (the "Glock pistol").

ELECTRONICALLY FILED - 2020 Jun 18 3:03 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

12.    Plaintiff owned the Glock pistol and, as an officer with the North Charleston, South Carolina Police Department, authorized to carry the Glock pistol at the time and in his residence, which is the location in which the incident occurred (Exhibit "B").

13.    While using the restroom in his residence, Plaintiff removed the Glock pistol from its holster and placed it on a counter in that restroom. After washing his hands, Plaintiff wiped the counter with a hand towel. The hand towel accidentally caused the Glock pistol to fall from the counter to the floor in his restroom.

14.    Upon hitting the floor, the Glock pistol discharged a single round which struck Plaintiff in the lower left leg, causing grievous bodily injury to the Plaintiff as hereinafter more specifically alleged.

15.    Just prior to and at the time of the discharge of said Glock pistol, the plaintiff was using said Glock pistol in a reasonable and foreseeable manner, when the Glock pistol discharged in a manner, unexpected and/or unanticipated, and improperly.

16.    Said Glock pistol discharged because of the design defects in said Glock pistol and negligence of defendants as hereinafter more specifically alleged. The said subject Glock pistol had not been modified or changed since the time of the purchase of said Glock pistol in November, 2016, from Defendant Allied Arms.

17.    That the Defendants, and each of them, individually, jointly and/or in combination, were in the business of designing, manufacturing, assembling, and/or selling Glock pistols and more specifically the above described Glock pistol. That the said Glock pistol was supplied by the Defendants in a defective condition which rendered said Glock pistol unreasonably dangerous and further that the said defective conditions in said Glock pistol were a proximate cause of the injuries and damages to the Plaintiffs as hereinafter more

ELECTRONICALLY FILED - 2020 Jun 18 3:03 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

specifically alleged. That said Glock pistol was defective and unreasonably dangerous at the time of the gunshot injury on October 20, 2017, and at the time said Glock pistol left the possession of the Defendants, and each of them; and that said defects in said Glock pistol were a proximate cause of the injuries and damages to the Plaintiffs, as hereinafter more specifically alleged. Said Glock pistol was defective in one or more of the following particulars, to-wit:

- the Glock pistol did not have a manual safety and/or any safety so as to prevent an accidental discharge of said Glock pistol;

- the Glock pistol did not have adequate safety devices designed and built into said pistol;

- the Glock pistol would fire and discharge a round without an intentional trigger pull;

- the Glock pistol did not have an adequate and operational safety system;

- the Glock pistol did not have adequate warnings and an adequate warning statement on the frame or slide of said pistol;

- the Glock pistol had defective components which caused the injury as aforesaid;

18.     The Glock pistol failed to perform as safely as an ordinary consumer (and owner and user of the pistol at the time of the accident) would expect said pistol to perform when used in an intended or reasonably foreseeable manner.

19.     The use for which the Glock pistol in this case was being used, at the time of the accident, was in a reasonably foreseeable manner and said use involved a substantial danger that would not and was not readily recognized by the ordinary consumer and the owner and user of the Glock pistol at the time of the accident; and the Defendants failed to give adequate warnings of such danger.

20.     In the light of all relevant factors considered, the benefits of the design of said Glock

ELECTRONICALLY FILED - 2020 Jun 18 3:03 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

pistol did not outweigh the risk of the dangers inherent in such design, that is, the benefits of a pistol without a manual safety did not outweigh the risk of dangers inherent in such a design because of the fact that said Glock pistol will fire and discharge a round, in such a situation, with a slight bump, blow or jar to said Glock pistol, without an intentional trigger pull.

21. The Glock pistol was defective and unreasonably dangerous from a design "human factors" point of view in that said Glock pistol could not be handled consistently without the user thereof having an accidental discharge while attempting to handle and use said Glock pistol. This fact, defective from a design human factors point of view, is proved and evident from the fact that more than one-third of all accidental discharges occur while said Glock pistol is being used, handled and/or in the possession of a police officer wherein said police officer has training and requirements for frequently maintaining the police officer's status with use of the Glock pistol.

22. The defects in the Glock pistol, acting both singularly and/or in combination each with the other, were a proximate cause of the injuries and damages of the Plaintiff as hereinafter more specifically alleged.

23. The Defendants, and each of them, individually and/or jointly, had a duty to give a reasonable and adequate warning of the dangers inherent and/or reasonably foreseeable in connection with the use and handling of the said Glock pistol. Notice was given to the Defendants in connection with the dangerous, inherent, and foreseeable dangers in connection with the use of the Glock pistol by the many notices and lawsuits filed against the Defendants of accidental discharges of the Glock pistol, not only by the ordinary civilian users but also by police officers who have special training in connection with the

ELECTRONICALLY FILED - 2020 Jun 18 3:03 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

use, handling and firing of the Glock pistol; and based upon said notice so given to the Defendants of said numerous accidents and unintentional discharge of the Glock pistol, Defendants should have warned of such accidental discharges as a result of the lack of any external manual safety devices and the defective trigger mechanism on said Glock pistol. The fact is, the Glock pistol, without any such safety devices, is the subject of United States Patent No. 5,655,326, issued August 7, 1997, and said patent outlines and states specifically several defects and deficiencies in the Glock pistol and states methods and procedures to correct those defects. A violation of the duty to issue such warnings, and actually recall and modify the defective and unreasonably dangerous Glock pistol, was negligence on the part of the Defendants, and each of them. The dangerous and defective condition in said Glock pistol was not reasonably obvious to a user of the Glock pistol and particularly to the Plaintiffs herein, and said defective and unreasonably dangerous condition in said Glock pistol was not an obvious danger that should have been discovered by the Plaintiffs.

### FOR A SECOND CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
**(Negligence and Gross Negligence)**

24.    The preceding paragraphs are realleged and reiterated as if set forth herein verbatim.

25.    That the Defendants, and each of them, were guilty of carelessness and negligence in the following particulars in connection with the design, manufacture, construction, fabrication, assembly, testing, merchandising, advertising, promoting, selling, distributing and designing, writing and promoting the instruction material and sales literature in connection with said Glock pistol, to-wit:

- in designing, manufacturing and selling the subject Glock pistol without an adequate safety system;

ELECTRONICALLY FILED - 2020 Jun 18 3:03 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

- in designing, manufacturing and selling a defective pistol;

- in designing, manufacturing and selling a defective pistol which would fire and discharge a round without an intentional trigger pull;

- in not performing adequate tests in order to determine under what circumstances the said Glock pistol would fire and discharge a round without an intentional trigger pull;

- in failing to provide adequate warnings to Plaintiff with reference to the proper and safe use of the subject Glock pistol;

- in failing to recall and/or retrofit the said subject Glock pistol;

- in failing to effectively recall the said subject Glock pistol after having received notice of the hazards in connection with the use of said subject Glock pistol;

- in failing to recommend and provide for training for purchasers and users of a Glock pistol; and

- in designing and selling the said subject Glock pistol which contained a defective and unreasonably dangerous trigger mechanism.

26. That said acts of negligence, acting both singularly and concurrently, were a proximate cause of the injuries and damages to the Plaintiffs as more specifically alleged herein.

27. As a direct and proximate result of their negligence and gross negligence, the Defendants, and each of them, are jointly and severally liable to Plaintiff for actual, incidental, consequential, special, and punitive damages in an amount to be determined by the trier of fact, plus costs, interest, and attorney fees associated with lawsuit.

### FOR A SECOND CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
#### (Breach of Warranties)

28. The preceding paragraphs are realleged and reiterated as if set forth herein verbatim.

29. That the Defendants, and each of them, did breach an Implied Warranty Of Fitness For A

ELECTRONICALLY FILED - 2020 Jun 18 3:03 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

Particular Purpose; that Plaintiff is a person whom Defendants would and should have reasonably expected to use the said Glock pistol which is the subject of this litigation; that at the time of manufacture and sale of said Glock pistol by the Defendants, the Defendants had reason to know the particular purposes for which said Glock pistol would be used and the Defendants knew that the Plaintiffs would be relying upon the skill and judgment of the Defendants, and each of them, to select and use suitable materials in the design, inspection, manufacture, sale and distribution of said Glock pistol; that Defendants, and each of them, failed to use proper skill and judgment in the design, manufacture, assembly, sale and distribution of said Glock pistol which caused said Glock pistol to be Unfit For A Particular Purpose, that is, the purpose for which said Glock pistol was being used at the time of the accident as alleged herein; and that the breach of said Implied Warranty Of Fitness For A Particular Purpose was a proximate cause of the injuries and damages to the Plaintiff as hereinafter more specifically alleged.

30. That the Defendants, and each of them, did manufacture, sell and distribute the afore-described Glock pistol, and at the time of the accident in this case said Glock pistol was in an Unmerchantable Condition and that the Plaintiff is a person who might reasonably be expected to use said Glock pistol and be affected by said unmerchantable condition; and the breach of said unmerchantable condition was a proximate cause of the injuries and damages to Plaintiffs as more specifically alleged herein.

31. That the Defendants, and each of them, were engaged in the business of selling products, that is, Glock pistols, and more specifically the Glock pistol that is the subject of this litigation; and that the Defendants, and each of them, did by advertising, labels, statements and/or otherwise make to the public and to Plaintiffs in this case Express Warranties

ELECTRONICALLY FILED - 2020 Jun 18 3:03 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

concerning the character and/or quality of said Glock pistol which was manufactured, advertised and sold by the Defendants, and each of them; that said Glock pistol did not conform to the Express Warranties of character and/or quality as created and represented by the Defendants, and each of them, and that the failure of the Glock pistol, which is the subject of this litigation, to conform to the Express Warranties concerning character and/or quality of said Glock pistol were a proximate cause of the injuries and damages to the Plaintiffs as hereinafter more specifically alleged.

32.    The Defendants, and each of them, as a manufacturer with reference to Glock pistols and specifically the Glock pistol as described herein, had a duty to give a reasonable and adequate warning of dangers inherent and/or reasonably foreseeable in the use of said Glock pistol, and the said Defendants, and each of them, failed said duty and failed to give adequate warnings; and the failure to give said adequate warnings was a proximate cause of the injuries and damages to the Plaintiffs as hereinafter more specifically alleged.

33.    The Defendants, and each of them, as a manufacturer with reference to Glock Glock pistols and specifically the Glock pistol as described herein, had a duty to give reasonable and adequate instructions with respect to the conditions and methods for the safe use of said Glock pistol when said Glock pistol was used in a reasonably foreseeable manner, and the Defendants failed to give said reasonable and adequate instructions which was a proximate cause of the injuries and damages to the Plaintiffs as hereinafter more specifically alleged.

34.    That the circumstances of the accident in this case as described herein are such that the accidental discharge of the said subject Glock pistol would not have occurred in the absence of a defect; therefore, based upon circumstantial evidence as to how the accident

ELECTRONICALLY FILED - 2020 Jun 18 3:03 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

occurred, the said subject Glock pistol was defective, which was a proximate cause of the injuries and damages to the Plaintiffs as hereinafter more specifically alleged.

35. As a proximate result of the negligence of the Defendants, breach of implied and express warranties, defective Glock pistol, and all other legal theories as against the Defendants, all as alleged herein, Plaintiff alleges damages as is provided by South Carolina law for injuries, lost wages, future earnings, and future opportunities precluded by the injuries suffered as described herein.

36. As a direct and proximate result of the breach of warranties, the Defendants, and each of them, are jointly and severally liable to Plaintiff for actual, incidental, consequential, special, and punitive damages in an amount to be determined by the trier of fact, plus costs, interest, and attorney fees associated with lawsuit.

### FOR A THIRD CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
### (Breach of Contract)

37. The preceding paragraphs are realleged and reiterated as if set forth herein verbatim.

38. Plaintiff entered into an agreement with the Defendants whereby Plaintiff would purchase the Glock pistol and take delivery of the Glock pistol in a safe and operational condition.

39. The Defendants, and each of them, failed to provide said Glock pistol in a safe and operational condition as set forth herein above.

40. The failure to deliver said Glock pistol in a safe and operational condition as aforesaid constitutes a breach of contract.

41. As a direct and proximate result of the breach of contract, the Defendants, and each of them, are jointly and severally liable to Plaintiff for actual, incidental, consequential, special, and punitive damages in an amount to be determined by the trier of fact, plus costs, interest, and attorney fees associated with lawsuit.

ELECTRONICALLY FILED - 2020 Jun 18 3:03 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

## DAMAGES

42.    That as a proximate result of the negligence of the Defendants, breach of implied warranties and breach of express warranties, defective Glock pistol, and other theories as alleged herein, the Plaintiff received injuries and damages including, but not limited to, the following:

- medical expenses, past and future;

- pain and suffering, past and future;

- loss of income in the past and loss of income in the future;

- decreased earning capacity;

- loss of ability to properly walk, play sports, and enjoy life;

- scars, disfigurement and permanent partial disability as a result of said injuries; and

- all to Plaintiffs damages in a reasonable and just amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays that he recover judgment for and against the Defendants, and each of them, jointly and severally, for compensatory, actual, incidental, consequential, special, and punitive damages in a reasonable and just amount to be determined by the trier of fact, exclusive of interest and costs, to Plaintiff; and for all other relief deemed just and proper.

Respectfully submitted,

POPE FLYNN, LLC

P.O. Box 70
Charleston, SC 29402
Phone: 843-834-3426
Fax: 803-354-4899
Email: pflynn@popeflynn.com

ELECTRONICALLY FILED - 2020 Jun 18 3:03 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

# EXHIBIT B

**Declaration of Patrick Costadoni**

ELECTRONICALLY FILED - 2020 Jun 18 3:03 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

RYAN M. CATO,

        Plaintiff,

v.

GLOCK, INC., a Georgia Corporation;
GLOCK Ges.m.b.H., an Austrian
Corporation; Innovative Gunfighter Solutions,
Inc.; Primary Weapons, Inc.; Allied Arms,
Inc.

        Defendants.

IN THE COURT OF COMMON PLEAS

CASE NO. 2019-CP-10-5379

**DECLARATION OF
PATRICK COSTADONI**

I, Patrick Costadoni, declare as follows:

1.     I am over eighteen (18) years of age and competent to make this declaration.

2.     I am an owning member of Allied Arms, LLC ("Allied Arms"), a federally licensed

firearms retailer located at 9653-B Highway 78, Ladson, South Carolina, 29456-3648.

3.     I have reviewed the complaint filed by Ryan Cato and I have direct knowledge of

all matters discussed below in this declaration.

4.     In this matter, Mr. Cato did not purchase the subject Glock 19 Gen. 3 pistol (serial

number BCVT374) from Allied Arms. Allied Arms was not involved in the purchase or sale of

the pistol and did not profit from its sale. Rather, Allied Arms only acted as the federally required

in-state transferor of the pistol after it was purchased from a third-party outside of South Carolina.

ELECTRONICALLY FILED - 2020 Jun 18 3:03 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

5.      In addition to selling firearms and accessories, Allied Arms also performs in-state transfers of firearms, as required by federal law, for firearms purchased by customers from independent third-party sellers outside of South Carolina or over the internet.

6.      For in-state firearm transfers, the firearm is sold by the third-party and payment for the firearm is made to the third party. Allied Arms is not part of the sale. Once the sale occurs, the firearm is sent to Allied Arms, which notifies the customer. The customer must then physically appear at Allied Arms to complete the federal Firearms Transaction Record (ATF Form 4473). As part of this process, Allied Arms conducts the background check through the federal National Instant Criminal Background Check System (NICS). If the transfer is approved by NICS, Allied Arms then physically transfers possession of the firearm to the customer.

7.      Over the last five (5) years, Allied Arms has acted as the in-state transfer agent for at least 20 firearms purchased by Plaintiff from out-of-state sellers, including the subject Glock 19 Gen. 3 pistol (serial number BCVT374). This includes eight (8) transfers after the date of the subject incident.

8.      According to Allied Arms' records, on April 22, 2017, Tactical Textures, LLC, delivered the subject pistol to Allied Arms for in-state transfer after it was purchased by Mr. Cato from Tactical Textures. On that same date, Mr. Cato completed ATF Form 4473, passed the background check, and took possession of the pistol after confirming its condition.

9.      Allied Arms was not involved in the design, manufacture, purchase, modification, test firing, installation of aftermarket trigger or sale of the subject pistol. Its role was limited to conducting a background check of Mr. Cato and transferring the pistol to him in South Carolina as required by federal law. Allied Arms did not receive payment for the purchase of the pistol, nor did it receive any profit from the transaction between Mr. Cato and Tactical Textures, LLC.

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

DATED: March 11, 2020

Patrick Costadani
*Founder of Allied Arms, LLC*

ELECTRONICALLY FILED - 2020 Jun 18 3:03 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

ELECTRONICALLY FILED - 2020 Jun 18 3:03 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

# EXHIBIT C

**Firearms Acquisition and Disposition Record**

ELECTRONICALLY FILED - 2020 Jun 18 3:03 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

**08 ALLIED ARMS LLC**

### FIREARMS ACQUISITION AND DISPOSITION RECORD

FFL # 1-■■■■■-04273
9653B HWY 78
LADSON, SC 29456

Inspection Date 1/8/2020 10:03 AM

| DESCRIPTION OF FIREARM | | | ACQUISITION | | DISPOSITION | |
|---|---|---|---|---|---|---|
| Manufacturer and/or Importer Country | Model Type Caliber/Gauge/MM or Size | Serial # Control # | Date | FFL/Name and Address | Date / Date | Address or license No. if licensee, or Form 4473 Serial No. if Forms 4733 filed / Gun Show/Event Name City, State (Zip) |
| ANDERSOM MFG  UNITED STATES | AM-15 LOWER RECEIVER 5.56MM | ■■■ | 10/10/14 | AIM ADVANCED INTERNATIONAL MARKETING FFL # 4-■■■■■36385 | 10/10/14 4473 # 40 | CATO RYAN  219 SHAGBARK TRAIL APT A NORTH CHARLESTON, SC29418 |
| GLOCK  UNITED STATES | 42 PISTOL .380ACP | ■■■ | 11/24/14 | AMCHAR WHOLESALE, INC FFL # 6-■■■■33621 | 12/15/14 4473 # 146 | CATO RYAN  219 SHAGBARK TRAIL APT A NORTH CHARLESTON, SC29418 |
| CUGIR/PW ARMS  UNITED STATES | TT-C PISTOL 7.62X25MM | ■■■ | 3/21/15 | AIM ADVANCED INTERNATIONAL MARKETING FFL # 4-■■■■■36385 | 3/21/15 4473 # 454 | CATO RYAN  219 SHAGBARK TRAIL APT A NORTH CHARLESTON, SC29418 |
| CENTURY ARMS INC  UNITED STATES | M74 SPORTER RIFLE 5.45X39MM | ■■■ | 6/17/15 | OUTDOOR SPORTS FFL # 5-■■■■01656 | 6/17/15 4473 # 849 | CATO RYAN  219 SHAGBARK TRAIL APT A NORTH CHARLESTON, SC29418 |

Action Date 1/8/2020 10:03 AM

ELECTRONICALLY FILED - 2020 Jun 18 3:03 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

| Manufacturer and/or Importer Country | Model Type Caliber/Gauge/MM or Size | Serial # Control # | Date | FFL/Name and Address | Date / Date | Address or license No. if licensee, or Form 4473 Serial No. if Forms 4733 filed / Gun Show/Event Name City, State (Zip) |
|---|---|---|---|---|---|---|
| **DISPOSITION** | | | | | | |
| GLOCK UNITED STATES | 41GEN4 PISTOL .45ACP | ███ | 10/28/15 | LOU'S POLICE DISTRIBUTORS INC FFL # 1-████████07404 | 10/29/15 4473 # 1596 | CATO RYAN 219 SHAGBARK TRAIL APT A NORTH CHARLESTON, SC29418 |
| KRISS UNITED STATES | SDP PISTOL .45ACP | ███ | 4/26/16 | WSS QUINCY IL FFL # 3-████████13307 | 4/27/16 4473 # 2963 | CATO RYAN 219 SHAGBARK TRAIL APT A NORTH CHARLESTON, SC29418 |
| COONAN UNITED STATES | .357 MAGNUM AUTOMATI( PISTOL .357MAG | ███ | 9/13/16 | OUTDOOR SPORTS FFL # 5-████████01656 | 9/13/16 4473 # 3871 | CATO RYAN 219 SHAGBARK TRAIL APT A NORTH CHARLESTON, SC29418 |
| LONE WOLF R&D UNITED STATES | COMPACT FRAME MULTI CAL | ███ | 1/ 3/17 | LONE WOLF DISTRIBUTORS INC FFL # 9-████████00104 | 1/ 4/17 4473 # 4702 | CATO RYAN 219 SHAGBARK TRAIL APT A NORTH CHARLESTON, SC29418 |
| SMITH & WESSON UNITED STATES | M&P9 M2.0 PISTOL 9X19MM | ███ | 3/ 4/17 | AIM ADVANCED INTERNATIONAL MARKETING FFL # 4-████████36385 | 3/ 6/17 4473 # 5135 | CATO RYAN 219 SHAGBARK TRAIL APT A NORTH CHARLESTON, SC29418 |
| GLOCK UNITED STATES | 19 PISTOL 9X19MM | BCVT374 6448 | 4/22/17 | TACTICAL TEXTURES LLC FFL # 4-38-093-01-0B-09555 | 4/22/17 4473 # 5506 | CATO RYAN 219 SHAGBARK TRAIL APT A NORTH CHARLESTON, SC29418 |

ion Date 1/8/2020 10:03 AM

DESCRIPTION OF FIREARM | ACQUISITION | DISPOSITION

| Manufacturer and/or Importer Country | Model Type Caliber/Gauge/MM or Size | Serial # Control # | Date | FFL/Name and Address | Date Date | Address or license No. if licensee, or Form 4473 Serial No. if Forms 4733 filed Gun Show/Event Name City, State (Zip) |
|---|---|---|---|---|---|---|
| SMITH & WESSON UNITED STATES | 586-7 REVOLVER .357MAG | | 6/13/17 | OUTDOOR SPORTS FFL # 5-☐01656 | 6/13/17 4473 # 5810 | CATO RYAN 219 SHAGBARK TRAIL APT A NORTH CHARLESTON, SC29418 |
| FNH USA UNITED STATES | 509 PISTOL 9X19MM | | 8/11/17 | FJ LE LLC FFL # 5-☐14094 | 8/11/17 4473 # 6192 | CATO RYAN 219 SHAGBARK TRAIL APT A NORTH CHARLESTON, SC29418 |
| GLOCK UNITED STATES | 22 PISTOL .40S&W | | 11/25/17 | MARKL SUPPLY COMPANY INC FFL # 8-☐02696 | 11/26/17 4473 # 6957 | CATO RYAN 219 SHAGBARK TRAIL APT A NORTH CHARLESTON, SC29418 |
| RUGER UNITED STATES | PC CARBINE RIFLE 9X19MM | | 1/22/18 | YAVAPAI PAWN FFL # 9☐37505 | 1/22/18 4473 # 7427 | CATO RYAN 219 SHAGBARK TRAIL APT A NORTH CHARLESTON, SC29418 |
| GLOCK UNITED STATES | 19X PISTOL 9X19MM | | 3/ 7/18 | LOU'S POLICE DISTRIBUTORS INC FFL # 1☐07404 | 3/15/18 4473 # 7891 | CATO RYAN 219 SHAGBARK TRAIL APT A NORTH CHARLESTON, SC29418 |
| SPRINGFIELD ARMORY UNITED STATES | OPERATOR PISTOL 10MM | | 3/31/18 | SPORTSMANS SUPPLY CO FFL # 8☐-00770 | 4/ 2/18 4473 # 8069 | CATO RYAN 219 SHAGBARK TRAIL APT A NORTH CHARLESTON, SC29418 |

1/8/2020

Disposition Date 1/8/2020 10:03 AM

| Manufacturer and/or Importer Country | Model Type Caliber/Gauge/MM or Size | Serial # Control # | Date | FFL/Name and Address | Date / Date | Address or license No. if licensee, or Form 4473 Serial No. if Forms 4733 filed / Gun Show/Event Name City, State (Zip) |
|---|---|---|---|---|---|---|
| KEL-TEC CNC INC UNITED STATES | PMR-30 PISTOL .22WMR | | 8/29/18 | PALMETTO STATE ARMORY WAREHOUSE FFL # 1- -04482 | 8/29/18 4473 # 9158 | CATO RYAN 219 SHAGBARK TRAIL APT A NORTH CHARLESTON, SC29418 |
| PALMETTO STATE ARMORY UNITED STATES | SPACE FORCE-15 LOWER RECEIVER MULTI | | 10/25/18 | PALMETTO STATE ARMORY WAREHOUSE FFL # 1- -04482 | 10/25/18 4473 # 9528 | CATO RYAN 219 SHAGBARK TRAIL APT A NORTH CHARLESTON, SC29418 |
| SIG SAUER INC UNITED STATES | P226ELITE PISTOL 9X19MM | | 7/10/19 | TECHNET SERVICES INC FFL # 3- 08589 | 7/10/19 4473 # 11699 | CATO RYAN 219 SHAGBARK TRAIL APT A NORTH CHARLESTON, SC29418 |
| Q UNITED STATES | SUGAR WEASEL PISTOL .300BLK | | 10/ 9/19 | SHOOTING SURPLUS LLC FFL # 5- 05395 | 10/ 9/19 4473 # 12422 | CATO RYAN 219 SHAGBARK TRAIL APT A NORTH CHARLESTON, SC29418 |

**Signature / Title**

FORM 4

ELECTRONICALLY FILED - 2020 Jun 23 1:44 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

**STATE OF SOUTH CAROLINA**
**COUNTY OF** Charleston
**IN THE COURT OF COMMON PLEAS**

**JUDGMENT IN A CIVIL CASE**

**CASE NO.**  2019CP1005379

Ryan M Cato
PLAINTIFF(S)

GLOCK Inc et al
DEFENDANT(S)

## DISPOSITION TYPE (CHECK ONE)

☐ **JURY VERDICT**. This action came before the court for a trial by jury. The issues have been tried and a verdict rendered.

☒ **DECISION BY THE COURT**. This action came to trial or hearing before the court. The issues have been tried or heard and a decision rendered.

☐ **ACTION DISMISSED** (*CHECK REASON*): ☐ Rule 12(b), SCRCP; ☐ Rule 41(a), SCRCP (Vol. Nonsuit); ☐ Rule 43(k), SCRCP (Settled); ☐ Other

☐ **ACTION STRICKEN** (*CHECK REASON*): ☐ Rule 40(j), SCRCP; ☐ Bankruptcy; ☐ Binding arbitration, subject to right to restore to confirm, vacate or modify arbitration award; ☐ Other

☐ **STAYED DUE TO BANKRUPTCY**

☐ **DISPOSITION OF APPEAL TO THE CIRCUIT COURT** *(CHECK APPLICABLE BOX)*: ☐ Affirmed; ☐ Reversed; ☐ Remanded; ☐ Other

NOTE:   ATTORNEYS  ARE  RESPONSIBLE  FOR  NOTIFYING  LOWER  COURT,  TRIBUNAL,  OR ADMINISTRATIVE AGENCY OF THE CIRCUIT COURT RULING IN THIS APPEAL.

**IT IS ORDERED AND ADJUDGED:** ☐ See attached order (formal order to follow) ☐ Statement of Judgment by the Court:

> Defendant Allied Arms Inc.'s Motion to Dismiss Plaintiffs's Complaint is GRANTED. Defendant GLOCK Inc.'s Motion to Strike is DENIED. If a formal order is desired, the parties should feel free to submit one.

## ORDER INFORMATION

This order ☐ ends ☐ does not end the case.                    ☐ See Page 2 for additional information.

## For Clerk of Court Office Use Only

This judgment was electronically entered by the Clerk of Court as reflected on the Electronic Time Stamp, and a copy mailed first class to any party not proceeding in the Electronic Filing System on 06/23/2020 .

Alexandra Jordan Ginsburg for Primary Weapons Inc
Donald Jay Davis, Jr. for Primary Weapons Inc
Ryan L Erdreich for Allied Arms Inc
Innovative Gunfighter Solutions Inc
John Michael Montgomery for GLOCK Inc
GLOCK Ges m b H
Vordman Carlisle Traywick, III for GLOCK Inc
Wilbur E. Johnson for Allied Arms Inc
R. Patrick Flynn for Ryan M Cato
James D. Gandy, III for Primary Weapons Inc

**NAMES OF TRADITIONAL FILERS SERVED BY MAIL**

SCRCP Form 4CE (08/31/2017)                                          Page 1 of 2

## Court Reporter:

**E-Filing Note:  The date of Entry of Judgment is the same date as reflected on the Electronic File Stamp and the clerk's entering of the date of judgment above is not required in those counties. The clerk will mail a copy of the judgment to parties who are not E-Filers or who are appearing pro se. See Rule 77(d), SCRCP.**

ELECTRONICALLY FILED - 2020 Jun 23 1:44 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379

ELECTRONICALLY FILED - 2020 Jun 23 1:44 PM - CHARLESTON - COMMON PLEAS - CASE#2019CP1005379



Charleston Common Pleas

**Case Caption:**     Ryan M Cato  VS   GLOCK Inc  , defendant, et al

**Case Number:**     2019CP1005379

**Type:**     Order/Electronic Form 4

IT IS SO ORDERED!

/s Hon. Bentley D. Price, Circuit Judge 2766

Electronically signed on 2020-06-23 11:44:00     page 3 of 3