UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Ryan M. Cato, | ) | Civil Action No.:  2:20-cv-02563-JD |
|       Plaintiff, | ) | |
| v. | ) | **AMENDED COMPLAINT** |
| | ) | Negligence and Gross Negligence |
| Innovative Gunfighter Solutions, Inc.; | ) | Breach of Warranties |
| Primary Weapons, Inc., | ) | Breach of Contract |
| | ) | Strict Liability |
|       Defendants. | ) | (Jury Trial Demanded) |

Plaintiff, Ryan M. Cato, hereby alleges and states as follows:

1. The Plaintiff, Ryan M. Cato is a citizen and resident of Dorchester County, South Carolina.

2. This Amended Complaint is asserted to, among other things, revise the caption to reflect the active parties in this lawsuit and to add a cause of action for Strict Liability against the Defendants.

3. Defendant Innovative Gunfighter Solutions, LLC is an LLC organized and existing in a state other than South Carolina which, at all times relevant hereto, conducted business in Dorchester County, South Carolina.

4. Defendant Precision Weapons, Inc. is a corporation organized and existing in a state other than South Carolina which, at all times relevant hereto, conducted business in Dorchester County, South Carolina.

5. The Plaintiff's causes of action and claims for relief arise from the Defendants, along with their predecessor entities and related affiliates, agents, successors, and assigns engaging in the following:  transacting business in the State of South Carolina;

1

        transacting to supply services or things in the State of South Carolina; causing tortious injury and damages in the State of South Carolina by Defendants' acts and omissions both outside and inside the State of South Carolina; carrying out business and soliciting business regularly and persistently and/or engaging in other persistent courses of conduct in the State of South Carolina; deriving substantial revenues from goods and/or services consumed and/or used in the State of South Carolina; and placing in the stream of commerce in the United States of America and in the State of South Carolina the Glock pistol, hereinafter described, and aftermarket components, which are the subject of this litigation. Plaintiff purchased the Glock pistol and aftermarket components by transactions in Dorchester County, South Carolina and used the Glock pistol and the aftermarket components in Dorchester County, South Carolina.

6. The Defendants, and each of them, individually and/or in combination, designed, manufactured, constructed, fabricated, assembled, inspected, attested, merchandised, advertised, promoted, marketed, distributed, and sold the Glock pistol and aftermarket components; further, the Defendants, failed to write, promote and/or approve a proper instructional manual or proper advertising and sales literature with reference to the Glock pistol and aftermarket components.

7. At the time of the occurrence, which is the subject of this Complaint, the Plaintiff was a resident of the City of North Charleston, in Dorchester County, South Carolina, and the injury to the Plaintiff, upon which the claims and causes of action are alleged herein, occurred in Dorchester County, South Carolina. The original lawsuit was commenced in the South Carolina Court of Common Pleas, and was later removed to this Court, which has jurisdiction over the matters contained in this lawsuit and the Charleston Division is

the proper venue for this matter.

8. As described in the incident report attached as Exhibit "A", on October 20, 2017, at the time of his injury, Plaintiff was off duty as a law enforcement officer in his residence and had in his possession the Glock pistol at issue in this lawsuit, which was his service pistol, a Glock 19 Gen 3, serial number BCV 1374 (the "Glock pistol").

9. Plaintiff owned the Glock pistol and, as an officer with the North Charleston, South Carolina Police Department, was authorized to carry the Glock pistol at the time and in his residence, which is the location in which the incident occurred (Exhibit "B").

10. While using the restroom in his residence, Plaintiff removed the Glock pistol from its holster and placed it on a counter in that restroom. After washing his hands, Plaintiff wiped the counter with a hand towel. The hand towel accidentally caused the Glock pistol to fall from the counter to the floor in his restroom.

11. Upon hitting the floor, the Glock pistol discharged a single round which struck Plaintiff in the lower left leg, causing grievous bodily injury to the Plaintiff as hereinafter more specifically alleged.

12. Just prior to and at the time of the discharge of the Glock pistol, the Plaintiff was using the Glock pistol in a reasonable and foreseeable manner, when the Glock pistol discharged in a manner, unexpected and/or unanticipated, and improperly.

13. The relevant mechanisms, components, and condition of the Glock pistol had not been modified or changed following the Plaintiff's purchase of the aftermarket slide in 2016 and the Glock pistol and other aftermarket components in April, 2017, and had not been modified as of the time of Plaintiff's injuries and damages as more fully set forth herein.

14. The Defendants, and each of them, individually, jointly, and/or in combination, were in

the business of designing, manufacturing, assembling, inspecting, distributing and/or selling Glock pistols and aftermarket component parts and more specifically the above-described Glock pistol.

15. The Glock pistol and aftermarket components were supplied to the Plaintiff by the Defendants in a defective condition which rendered the Glock pistol and aftermarket components unreasonably dangerous and, further, the defects and deficiencies in the Glock pistol and aftermarket components were a direct and proximate cause of the injuries and damages to the Plaintiff as described herein.

16. The Glock pistol and aftermarket components were defective and unreasonably dangerous at the time the Glock pistol and aftermarket components left the possession of the Defendants, and each of them, and remained defective and unreasonably dangerous at the time of the Plaintiff's injury on October 20, 2017.

17. The defects and deficiencies in the Glock pistol and aftermarket components were a direct and proximate cause of the injuries and damages to the Plaintiff, as hereinafter more specifically alleged. The Glock pistol and aftermarket components were defective and deficient in one or more of the following particulars, to-wit:

   a. the Glock pistol did not have a manual safety and/or any adequate and sufficient safety so as to prevent an accidental discharge of the Glock pistol;

   b. the Glock pistol did not have adequate and sufficient safety devices designed and built into the pistol;

   c. the Glock pistol was susceptible to, and actually did, fire and discharge a round without an intentional trigger pull;

   d. the Glock pistol did not have an adequate and sufficient operational safety system;

4

  e. the Glock pistol did not have adequate and sufficient warnings or statement on the frame or slide of the Glock pistol or its aftermarket components, or anywhere in the packaging, advertisement, marketing, sales material, or in the instruction or operations material for the Glock pistol and its aftermarket components;

  f. the Glock pistol had defective aftermarket components which were the direct and proximate cause of the Plaintiff's injuries and damages as set forth herein;

18. At the time of the injury, the Glock pistol and its aftermarket components failed to perform as safely as an ordinary consumer, owner, and/or user of the pistol would expect or rely upon when used in an intended or reasonably foreseeable manner.

19. The Glock pistol and aftermarket components in this case were being used, at the time of the injury, was in a reasonably foreseeable manner and this use involved a substantial danger that would not be, and was not, readily recognized by the ordinary consumer, owner, and/or user of the Glock pistol and aftermarket components; and the Defendants failed to give adequate and sufficient warnings of such danger.

20. In the light of all relevant factors considered, the benefits of the design of the Glock pistol and aftermarket components did not outweigh the risk of the dangers inherent in such design, that is, the benefits of a pistol and aftermarket components without a manual safety did not outweigh the risk of dangers inherent in such a design because of the fact that this Glock pistol will fire and discharge a round, in such a situation, with a slight bump, blow or jar to the Glock pistol, without an intentional trigger pull.

21. The Glock pistol and aftermarket components were defective and unreasonably dangerous from a design "human factors" point of view in that the Glock pistol and aftermarket components could not be handled consistently without the user thereof having an

5

accidental discharge while attempting to reasonably handle and use the Glock pistol and aftermarket components. The Glock pistol and aftermarket components were in the possession of Plaintiff who has training and carried out requirements for maintaining his authority to use the Glock pistol and aftermarket components in the reasonable manner for which they were intended to and actually were being used by the Plaintiff.

22. The defects in the Glock pistol and aftermarket components, acting both singularly and/or in combination each with the other, were a proximate cause of the Plaintiff's injuries and damages.

23. The Defendants, and each of them, individually and/or jointly, had a duty to give a reasonable and adequate warning of the dangers inherent and/or reasonably foreseeable in connection with the use and handling of the Glock pistol and aftermarket components. The Defendants had notice of the dangerous, inherent, and foreseeable dangers in connection with the use of the Glock pistol and aftermarket components based upon industry and trade publications and online media sources, as well as lawsuits filed against the manufacturer of similar Glock pistols and aftermarket components and others regarding accidental discharges of similar Glock pistols and aftermarket components by civilian users, as well as law enforcement officers who have special training in connection with the use, handling and firing of similar Glock pistols and aftermarket components.

24. Based upon the above-described notice to the Defendants of numerous accidents and unintentional discharges of similar Glock pistols with aftermarket components and the tendency for such accidents and unintentional discharges, Defendants should have warned consumers, owners, and users of such dangers and conditions which could occur as a result of certain trigger mechanisms and/or the lack of any external manual safety devices

25.     in the Glock pistol at issue or similar Glock pistols or other safety mechanisms in the aftermarket components.

25. The Glock pistol, without any such safety devices, is the subject of United States Patent No. 5,655,326, issued August 7, 1997.  That patent outlines and specifically describes several defects and deficiencies in the Glock pistol, along with methods and procedures to correct those defects and deficiencies.

26. In light of the notice of the defects and deficiencies as described above, the Defendants, and each of them, were negligent and grossly negligent in their failure to issue and provide adequate and sufficient warnings, and their failure to recall and modify the defective and unreasonably dangerous Glock pistol and aftermarket components.

27. The dangerous and defective condition in the Glock pistol and aftermarket components was not reasonably obvious to a user of the Glock pistol and aftermarket components or to the Plaintiff herein, and this defective and unreasonably dangerous condition in the Glock pistol and aftermarket components was not an obvious danger that should have been discovered by the Plaintiff.

**FOR A FIRST CAUSE OF ACTION
AGAINST ALL DEFENDANTS**
**(Negligence and Gross Negligence)**

28. The preceding paragraphs are realleged and reiterated as if set forth herein verbatim.

29. That the Defendants, and each of them, are liable for their carelessness and negligence in the following particulars in connection with the design, manufacture, fabrication, assembly, inspection, testing, distribution, sale, merchandising, advertising, promoting, selling, writing, and communicating the instruction manual, operations manual, and sales and marketing material in connection with the Glock pistol and aftermarket components, to wit:

    a.    in designing, manufacturing, and selling the subject Glock pistol and aftermarket components without an adequate safety system;

    b.    in designing, manufacturing, and selling a defective pistol and aftermarket components;

    c.    in designing, manufacturing, and selling a defective pistol and aftermarket components which would fire and discharge a round without an intentional trigger pull;

    d.    in failing to perform adequate tests in order to determine under what circumstances the Glock pistol and aftermarket components would fire and discharge a round without an intentional trigger pull;

    e.    in failing to provide adequate warnings to Plaintiff with reference to the proper and safe use of the subject Glock pistol and aftermarket components;

    f.    in failing to recall and/or retrofit the subject Glock pistol and aftermarket components;

    g.    in failing to effectively recall the subject Glock pistol and aftermarket components after having received notice of the hazards in connection with the use of the subject Glock pistol and aftermarket components;

    h.    in failing to recommend and provide for training for purchasers and users of a Glock pistol and aftermarket components; and

    i.    in designing and selling the subject Glock pistol and aftermarket components which contained a defective and unreasonably dangerous mechanism relating to the trigger and other aftermarket components.

30.     The above-described acts of negligence and gross negligence, acting both singularly and

concurrently, were a proximate cause of the injuries and damages to the Plaintiff as more specifically alleged herein.

31. As a direct and proximate result of their negligence and gross negligence, the Defendants, and each of them, are jointly and severally liable to Plaintiff for actual, incidental, consequential, special, and punitive damages in an amount to be determined by the trier of fact, plus costs, interest, and attorney fees associated with this lawsuit.

**FOR A SECOND CAUSE OF ACTION**
**AGAINST ALL DEFENDANTS**
(Breach of Warranties)

32. The preceding paragraphs are realleged and reiterated as if set forth herein verbatim.

33. The Defendants, and each of them, were involved in the design, manufacture, assembly, inspection, distribution, and sale of the Glock pistol and aftermarket components, and were subject to and breached an Implied Warranty of Fitness for a Particular Purpose.

34. Plaintiff is a person whom Defendants would and should have reasonably expected to use the Glock pistol and aftermarket components which are the subject of this litigation.

35. At the time of Defendants' design, manufacture, assembly, inspection, distribution, and sale of the Glock pistol and aftermarket components, the Defendants had reason to know the particular purposes for which the Glock pistol and aftermarket components would be used, and the Defendants knew that the Plaintiff would be relying upon the skill and judgment of the Defendants, and each of them, to select and use suitable mechanisms, components, and materials in the design, manufacture, assembly, inspection, distribution, and sale of the Glock pistol and aftermarket components.

36. The Defendants, and each of them, failed to use proper skill and judgment in the design, manufacture, assembly, inspection, distribution, and sale of the Glock pistol and aftermarket components which caused the Glock pistol and aftermarket components to be

unfit for a particular purpose, that is, the purpose for which the Glock pistol and aftermarket components were being used at the time of Plaintiff's injury.

37. The Defendants' breach of the Implied Warranty of Fitness for a Particular Purpose was a proximate cause of the Plaintiff's injuries and damages as described herein.

38. The Defendants, and each of them, designed, manufactured, assembled, inspected, distributed, and sold the Glock pistol and aftermarket components, and at the time of the Plaintiff's purchase of the Glock pistol and aftermarket components and the time of his injury, the Glock pistol and aftermarket components were in an unmerchantable condition as more fully described herein.

39. The Plaintiff is a person who might reasonably be expected to use the Glock pistol and aftermarket components and be affected by the above-described unmerchantable condition.

40. The Defendants' design, manufacture, assembly, inspection, distribution, and sale of the Glock pistol and aftermarket components resulting in Plaintiff's purchase and use of the Glock pistol and aftermarket components in an unmerchantable condition was a proximate cause of the Plaintiff's injuries and damages as described herein.

41. The Defendants, and each of them, were engaged in the business of selling products, that is, Glock pistols and aftermarket components, and more specifically the Glock pistol and aftermarket components that are the subject of this lawsuit.

42. The Defendants, and each of them, by and through their advertising, labels, statements, and other communications to the public and to Plaintiff, created and communicated express warranties concerning the character, safety, and/or quality of the Glock pistol and aftermarket components, which were designed, manufactured, assembled, inspected,

43. The Glock pistol and aftermarket components purchased by the Plaintiff did not conform to the aforementioned express warranties of character, safety, and/or quality as created and communicated by the Defendants, and each of them, and the failure of the Glock pistol and aftermarket components to conform to the aforementioned express warranties concerning character, safety and/or quality of the Glock pistol were a proximate cause of the Plaintiff's injuries and damages as set forth herein.

44. The Defendants, and each of them, as an entity responsible for the design, manufacture, assembly, inspection, distribution, and sale of Glock pistols and aftermarket components in general and specifically the Glock pistol and aftermarket components as described herein, had a duty to give a reasonable and adequate warning of dangers inherent and/or reasonably foreseeable in the use of the Glock pistol and aftermarket components, and the Defendants, and each of them, failed to carry out this duty and failed to give adequate warnings.

45. The Defendants' failure to give adequate warnings of dangers inherent and/or reasonably foreseeable in the use of the Glock pistol and aftermarket components were a proximate cause of the Plaintiff's injuries and damages as set forth herein.

46. The Defendants, and each of them, as an entity responsible for the design, manufacture, assembly, inspection, distribution, and sale of Glock pistols and aftermarket components in general and specifically the Glock pistol and aftermarket components as described herein, had a duty to give reasonable and adequate instructions with respect to the conditions and methods for the safe use of the Glock pistol and aftermarket components when the Glock pistol and aftermarket components were used in a reasonably foreseeable

11

manner.

47. The Defendants failed to give reasonable and adequate instructions with respect to the conditions and methods for the safe use of the Glock pistol and aftermarket components when the Glock pistol and aftermarket components were used in a reasonably foreseeable manner, and this failure by the Defendants was a proximate cause of the Plaintiff's injuries and damages as set forth herein.

48. That the circumstances of the Plaintiff's injury as described herein are such that the Plaintiff's injury would not have occurred in the absence of a defect; therefore, based upon evidence as to how the injury occurred, the Glock pistol and aftermarket components were defective, and this defective condition was a proximate cause of the Plaintiff's injuries and damages as set forth herein.

49. As a direct and proximate result of the negligence of the Defendants, breach of implied and express warranties, the defective condition of the Glock pistol and aftermarket components, and all other legal theories set forth herein as alleged against the Defendants, Plaintiff has suffered damages as is provided by South Carolina law for injuries, pain and suffering, lost wages, prior and future treatment, prior and future lost earnings, stigma, and prior and future opportunities precluded by the injuries suffered as described herein.

50. As a direct and proximate result of the breach of warranties, the Defendants, and each of them, are jointly and severally liable to Plaintiff for actual, incidental, consequential, special, and punitive damages in an amount to be determined by the trier of fact, plus costs, interest, and attorney fees associated with this lawsuit.

## FOR A THIRD CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
### (Breach of Contract)

51. The preceding paragraphs are realleged and reiterated as if set forth herein verbatim.

52. Plaintiff entered into an agreement with the Defendants whereby Plaintiff would purchase the Glock pistol and aftermarket components and take delivery of the Glock pistol and aftermarket components in a safe and operational condition as set forth herein.

53. The Defendants, and each of them, failed to provide the Glock pistol and aftermarket components in a safe and operational condition as set forth herein.

54. The failure to provide the Glock pistol and aftermarket components in a safe and operational condition as described herein constitutes a breach of contract.

55. As a direct and proximate result of the breach of contract by the Defendants as set forth herein, the Plaintiff suffered injuries and damages as more fully described herein above.

56. As a direct and proximate result of the breach of contract, the Defendants, and each of them, are jointly and severally liable to Plaintiff for actual, incidental, consequential, special, and punitive damages in an amount to be determined by the trier of fact, plus costs, interest, and attorney fees associated with this lawsuit.

## FOR A FOURTH CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
### (Strict Liability)

57. The preceding paragraphs are realleged and reiterated as if set forth herein verbatim.

58. The strict liability action for defective products was established by the South Carolina Legislature in S.C. Code Ann. §§ 15-73-10 to -30 (1976). Section 15-73-10 (1) provides: "One who sells any product in a defective condition unreasonably dangerous to the user

or consumer or to his property is subject to liability for physical harm caused to the ultimate user or consumer . . . ."

59. The Defendants were engaged in the design, manufacture, assembly, inspection, distribution, and sale of Glock pistols, parts, components, and aftermarket components, resulting in Plaintiff's purchase and use of the Glock pistol and aftermarket components as set forth herein.

60. The Defendants, and each of them, were the sellers of the Glock pistol and aftermarket components in a defective condition unreasonably dangerous to Plaintiff as the user or consumer or to his property as more fully described herein.

61. Plaintiff was the ultimate user or consumer of the Glock pistol and aftermarket components as described more fully herein by his purchase of the Glock pistol and aftermarket components and his reasonable and expected use of the Glock pistol and aftermarket components at the time of his injury on October 20, 2017 as more fully described herein above.

62. The relevant mechanisms, components, and condition of the Glock pistol and aftermarket components had not been modified or changed following the Plaintiff's purchase of the Glock pistol and aftermarket components, and had not been modified as of the time that the Glock pistol and aftermarket components discharged on October 20, 2017 causing Plaintiff's injuries and damages as more fully set forth herein.

63. As a direct and proximate result of the Defendants' sale of this Glock pistol and aftermarket components in a defective condition unreasonably dangerous to the Plaintiff as the user or consumer or to his property, the Plaintiff was injured as described above, and suffered damages as is provided by South Carolina law for injuries, pain and

suffering, lost wages, prior and future treatment, prior and future lost earnings, and prior and future opportunities precluded by the injuries suffered as described herein.

64. As a direct and proximate result of the Defendants' strict liability as provided in S.C. Code §§ 15-73-10 to -30 (1976), the Defendants, and each of them, are jointly and severally liable to Plaintiff for actual, incidental, consequential, special, and punitive damages in an amount to be determined by the trier of fact, plus costs, interest, and attorney fees associated with this lawsuit.

## DAMAGES

65. The preceding paragraphs are realleged and reiterated as if set forth herein verbatim.

66. As a direct and proximate result of the negligence of the Defendants, breach of implied warranties, breach of express warranties, failure to instruct and failure to warn of the defective Glock pistol and aftermarket components, the strict liability of the Defendants, and other theories as alleged herein, the Plaintiff received injuries and damages including, but not limited to, the following:

   a. medical expenses, past and future;

   b. pain and suffering, past and future;

   c. loss of income in the past and loss of income in the future;

   d. decreased earning capacity, stigma, and loss of future opportunities;

   e. loss of ability to properly walk, carry out duties as may be required in law enforcement, play sports, and enjoy life;

   f. scars, disfigurement, and permanent partial disability as a result of Plaintiff's injuries; and

   g. such other and further damages suffered by Plaintiff in a reasonable and just

amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff's prayer for relief is that he recover judgment for the claims set forth herein and against the Defendants, and each of them, jointly and severally; for Plaintiff's compensatory, actual, incidental, consequential, special, and punitive damages in a reasonable and just amount to be determined by the trier of fact, exclusive of interest and costs; for such reasonable attorney fees, interest, and expenses as may be permitted by South Carolina law; and for such other and further relief as this Court and the trier of fact deem just and proper.

POPE FLYNN, LLC

/s/ *R. Patrick Flynn*

_____
R. Patrick Flynn (Fed ID# 6247)
170 Meeting Street, Suite 510
Charleston, SC 29401
Phone: 843-790-9570
Fax: 803-354-4899

Charleston, South Carolina                Email: pflynn@popeflynn.com

July 8, 2021                              ATTORNEY FOR THE PLAINTIFF